# Foreman, et al. v. Board of Education of Christian County.

(Decided April 29, 1927.)

## Appeal from Christian Circuit Court.

1. Schools and School Districts.—Acts 1924, c. 52, section 3 (Ky. Stats., Supp. 1926, section 4399a-7), providing for appointment of teachers by county board of education on written recommendation of subdistrict trustees from list of names of "qualified and available persons submitted," held to give county board discretion to

appoint or reject persons recommended by subdistrict trustees, in view of provisions permitting county superintendent to include other recommendations and county board's authority to remove teachers for incompetency or unfitness.

2. Mandamus.—Where ·county board had discretion under Acts 1924, c. 52, section 3 (Ky. Stats., Supp. 1926, section 4399a-7), to appoint or reject persons recommended as teachers by subdistrict trustee. exercise by board of discretion so given held not subject to control by mandamus in action by persons recommended as teachers to compel their appointment.

3. Schools and School Districts.—In mandamus action by former teachers to require their appointment by county board on ground of recommendation by subdistrict trustee under Acts 1924, c. 52, section 3 (Ky. Stats., Supp. 1926, section 4399a-7), county board's rejection of recommendations was proper exercise of discretion, where one of teachers had appeared to sleep during school hours and had been absent without excuse, and where other teacher was lacking in educational qualifications.

E. S. FOREMAN for appellants.

DOUGLAS BELL for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

The appellants, E. S. Foreman and Maggie Metcalfe, each in 1926 had certificates authorizing them to teach in the colored schools of Christian county, and each had theretofore taught in such schools of that county.

They filed in October, 1926, their separate actions against the county board of education and its individual members, seeking to require that body by mandamus or mandatory injunction to meet and rescind its action theretofore taken in electing and appointing two other persons in their places and stead for the school year 1926-27 to be teachers, although, as alleged, the two plaintiffs had been in proper time recommended in writing for such positions by the subdistrict trustee of the subdistrict. They pray that the board be required to elect and appoint the two plaintiffs to such positions in accordance with such written recommendation of the subdistrict trustee, as provided by section 3 of chapter 52 of the Acts of 1924, being section 4399a-7 of Baldwin's Ky. Stats. Service of 1926.

The two cases present the same questions, and were heard together in the lower court, and upon the dismissal by that court of each of the petitions the two plaintiffs prosecute this joint appeal.

Their allegations, in substance, are that they each held certificates authorizing them to teach in that county, and that they were each eligible and fully qualified to act as teachers in the public schools thereof; that one Payne was during the year 1926 the duly elected, qualified, and acting subdistrict trustee for the Crofton colored public school district of Christian county, and that upon the written recommendation of such subdistrict trustee they had been duly elected teachers for the Crofton colored public school by the trustees of the Crofton graded white school, and had accepted such election in writing, and that such white graded school district included the colored school district; that during 1926 said Payne had made a timely written recommendation to the board of education of that county of each of the plaintiffs for election as teacher for the Crofton colored public school for the year 1926-27, and after the board had received such recommendations it met and failed and refused to ratify the recommendations of such subdistrict trustee, or to elect either of the plaintiffs as teacher for said Crofton colored public school for the year 1926-27; that no reasonable objections, charges, remonstrances nor petitions were made to the said board of education against the election of either of the plaintiffs as such teacher for the year 1926-27, and that, notwithstanding such recommendations, and in violation of the school laws of this state and in disregard of the rights of the plaintiffs and such subdistrict trustee, the county board refused to elect either of the plaintiffs to the positions for which they had been so recommended for the year 1926-27, and refused to ratify the recommendations of the subdistrict trustee, but at the same meeting proceeded to elect other persons to the positions for which the two plaintiffs had been so recommended, and without the recommendation of the subdistrict trustee and over his protest. They allege that under the law it was the duty of the defendant board to elect them as such teachers, and they each pray that the court either issue a writ of mandamus or a mandatory injunction requiring the board to meet and rescind its orders attempting to elect the other persons to the positions for which the two plaintiffs had been recommended by the subdistrict trustee, and requiring the board of education to elect the two plaintiffs for such positions and enter into contracts with them according to law.

A demurrer was filed to the petition, in each case, but without waiving it defendants answered, and in the first paragraph not only denied the material allegations of the petitions, but affirmatively alleged that objections were made to the election of each of the plaintiffs as such teacher or teachers. Other defenses were asserted in other paragraphs, which for the purposes of this opinion it is unnecessary to consider.

The statute relied upon by appellants, as depriving the county board of any discretion in the appointment of teachers after the subdistrict trustee shall have made his timely recommendation in writing, is as follows:

"The county board of education shall on written recommendation of subdistrict trustees appoint all principals, teachers and supervisors from a list of names of qualified and available persons submitted by him in writing, and shall fix their salaries subject to the provisions of law; provided, that each subdistrict trustee may recommend a teacher to the county superintendent before teachers are appointed by the county board of education, and may recommend more than one if more than one are to be employed for his subdistrict, and it shall be the duty of the county superintendent to include in the list of teachers reported by him to the county board of education all qualified teachers so recommended to him in writing. . . .

"For incompetency, neglect of duty, or immoral conduct, the county board of education may suspend or remove from office the county superintendent or any teacher or other employe, or any subdistrict trustee."

If the quoted provisions, when properly construed, impose the positive duty upon the board of education to elect as teacher the one so recommended by the subdistrict trustee without further inquiry or further investigation, and without regard to his qualification, competency, fitness, or character, then obviously the plaintiffs were entitled to the mandatory relief sought. But if, on the other hand, the statute means to repose in the board, to which it has committed the final power of appointment, any discretion to appoint or reject the one so recommended by the subdistrict trustee, then plainly the exercise of that discretion will not be controlled by mandatory order.

In the first place, it is required of the subdistrict trustee to recommend "qualified and available persons;" in the next place, the recommendation of such persons must be made by him to the county superintendent; and, in the next place the county superintendent, in submitting his lists to the county board, is required to include only "*qualified* teachers so recommended to him in writing." Obviously also the statute contemplates not only that he shall include in the list of teachers reported by him to the county board of education the names of qualified teachers so recommended by the subdistrict trustee, but that he (the superintendent) is not confined in his list to the names so recommended by the subdistrict trustee, but may in addition to the names so recommended include other names as his own recommendation. When the statute says "it shall be the duty of the county superintendent to include in the list of teachers reported by him to the county board of education all qualified teachers so recommended," it necessarily means that there may be other names than those so recommended included within his list. If, therefore, the statute intended to impose upon the county board the mandatory duty of electing only the teacher recommended in writing by the subdistrict trustee, why did it also grant the right to the county superintendent to make other and different recommendations from that made by the subdistrict trustee?

The language of the statute so far considered is wholly out of harmony with the interpretation sought to be placed upon it by the appellants; for, while its earlier provisions appear to be mandatory upon the county board, its later provisions plainly contemplate that the county superintendent shall have a right to make recommendations to the board of persons other than those so recommended by the subdistrict trustee, and if no discretion was intended to be vested in the county board why the necessity of having included in the list submitted by the county superintendent any names other than that recommended in writing by the subdistrict trustee? Or, going a little deeper into an analysis of the act, if no discretion was intended to be placed with the county board or in the county superintendent, why should the statute have placed the ultimate power of appointment in the county board, or why should it have authorized the superintendent to make recommendations other than those made by the subdistrict trustee?

The recommendation of the subdistrict trustee must be of "qualified and available persons," and the county superintendent is required to include in his list submitted to the board only the names of "qualified teachers" recommended by the subdistrict trustee; but it will be observed that no such restrictions are placed upon the county superintendent in the other names which he may submit to the board, and it was obviously in the minds of the General Assembly to commit to the board, the final appointing power, the discretion to say whether the person recommended by the subdistrict trustee was a qualified and available person, and, if they thought not, then to select another either from the list or outside of it. Without going into an interpretation of "qualified and available persons," whatever that language may mean, it clearly places a restriction upon the right of the subdistrict trustee, and, when the final power of appointment is committed to the board, it seems necessarily to follow that the board must be the judge of whether or not he has recommended such a person.

Furthermore, we have clear and distinct authority conferred upon the board by the statute to remove any teacher "for incompetency, neglect of duty, or immoral conduct," and it is almost inconceivable that the General Assembly could have intended that the absolute duty was imposed upon the board to elect or appoint an incompetent or immoral person as teacher merely because he had been recommended in writing by the subdistrict trustee, and then in the same section clothe that board with the power to immediately remove such person. To so construe the statute would result in an absurdity, for it would impose a duty upon the board to do a thing against their consciences, and then in the exercise of a power expressly granted to immediately remove such appointee.

The record discloses that before the board finally acted there was an informal hearing which disclosed that one of appellants, who had been a teacher for some years in the colored schools of that county, had become careless and inefficient in the conduct of his school, and had been upon more than one occasion seen to be asleep in the schoolroom during school hours, and had at times been absent for a day or two at a time without adequate reason. It disclosed as to the other that she was lacking in educational qualifications, and could not and did not use good English in her intercourse with her pupils or others. Not only did these things appear in an informal

hearing before the board, but the board had prior to that time reports from the supervisor of the colored schools of the county, disclosing, in substance, the same things.

With these things appearing to the board, either from its records or on a hearing, it had the right, in the exercise of its discretion, to ignore the recommendations of the subdistrict trustee. To hold otherwise would be to give to the statute, not only a highly unreasonable interpretation, but one which the General Assembly could not have intended.

Judgment affirmed.