## Floyd County Board of Education et al. v. Hall et al.

(Decided March 8, 1932.)

EDWARD P. HILL, JR., and W. C. GOBLE for appllants.

COMBS & COMBS, and MORRIS & JONES, for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The decisive question in this case is the right of Town Hall and Norman M. Guard to the position of principal of the school in consolidated school district No. 11, Floyd county, Ky. Milford Hall, Sr., and Town Hall, as citizens and taxpayers of Floyd county, residing within the school district, filed this action in their own behalf, and in behalf of all other citizens and taxpayers similarly situated, alleged to be too numerous to be made parties. Town Hall also sues in his own behalf.

For their cause of action they allege the following: On the 7th day of August, 1931, the county board of education met in the office of the county superintendent of schools of Floyd county, when the county superintendent nominated Town Hall for appointment by the county board of education, for the principal of the school in consolidated district No. 11. The board refused to appoint or to employ him. Again, on the 21st day of August, 1931, the county board of education convened at the office of the county superintendent, when the county superintendent again nominated him for the position. His nomination was ignored by the board of education. Norman E. Guard was employed by it as principal, and it directed him to begin teaching on the 31st day of August.

An injunction was sought by them restraining the board from paying Norman M. Guard out of the school funds set apart for that purpose and restraining Norman M. Guard from acting as principal of the public school in the district. The county board of education and Norman M. Guard by answer traversed the petition, and alleged that the county superintendent was willing to nominate Norman M. Guard for the position, if given an opportunity.

On submission for trial, an injunction was granted decreeing that the county board of education employ Town Hall as principal of consolidated school district No. 11 for the years 1931-1932. The county board of education and Guard appeal.

It is conceded by counsel of the appellant and the appellees that section 4399a-11, Ky. Statutes, controls this case. Section 4399a-7 controls in those cases where it is the duty of the subdistrict trustee by writing to nominate and present the name of a teacher of a school in a rural district to the county board of education. Campbell v. Owens, 150 Ky. 686, 150 S. W. 844; County Board of Education v. Weatherford, 241 Ky. 66, 43 S: W. (2d) 340; Scott v. Blackburn, 222 Ky. 514, 1 S. W. (2d) 977; Foreman v. Board of Education, 219 Ky. 573, 293 S. W. 1058.

It vests the county board with the discretion to determine whether the teacher recommended by the subdistrict trustee is qualified or not. It does not have to elect a teacher who is not qualified and then prefer charges to remove him, but it may decline to elect him in the first instance. Foreman v. Board of Education, supra.

The nomination is required to be made by the subdistrict trustee in writing, and, when once made, may be withdrawn only in writing or by a statement made by him in the presence of the board while it is in session and a record thereof entered on the minutes of the board. County Board of Education v. Weatherford, supra, and Hazel Cartee v. Lewis County Board, 242 Ky. ——, 46 S. W. (2d) ——.

The important point of difference in the phraseology of section 4399a-7 and 4399a-11 is, section 4399a-7 requires the nomination to be made by (a) a subdistrict trustee (b) in writing; whereas section 4399a-11 provides that (c) the county superintendent of schools shall make the nomination thereunder, and (d) it is not required to be in writing.

Sec. 4526b-3, Ky. Statutes vests in the county board of education authority to select and appoint a principal and all teachers of the county high schools in connection with which other grades are not taught, without the right in the county superintendent to make nominations therefor, which by implication was repealed by section 4399a-11.

We have in more cases than one held that, when the nomination is made as authorized by section 4399a-7, the board of education may determine his qualifications when accepting the subdistrict trustee's nomination, and, if the nominee be rejected by it, it makes it the duty of the subdistrict trustee again to nominate a teacher as therein provided, and to continue so to do until one is

employed by the board of education. There is no sound reason for giving to section 4399a-11 a different construction in this respect. There is no language in section 4399a-11 requiring the county superintendent to make his nomination in writing. No form of nomination is prescribed by its phraseology. The language used by the county superintendent in the present case in the presence of the board, indicating his choice of Town Hall as principal, was a sufficient compliance with it. The county board of education was clothed with authority to reject the nomination of Town Hall, thus made. But it was without authority to choose Norman M. Guard as principal of the school without his first being nominated by the county superintendent. On its rejection of the nominee, it was the duty of the county board of education to permit the county superintendent to make a second or subsequent nomination of another teacher, and to continue to do so until a nominee was acceptable to it. The petition states no facts constituting a cause of action in Milford Hall, Sr., as a citizen and taxpayer of the county.

Wherefore the judgment is reversed, with directions to dismiss the petition and for proceedings consistent with this opinion.