# Rynerson v. Mercer County Board of Education et al.

(Decided May 27, 1932.)

E. W. DRAFFEN for appellant.

C. E. RANKIN, ROY E. GRAVES and C. C. TURNER for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, James L. Rynerson, was the prnicipal of the Salvisa High School in Mercer county for the school year 1930-1931, and in March, 1931, he made an application to the board for the position for the ensuing year. At a meeting of the board held on April 13, 1931, for the purpose of electing principals, assistant principals, and teachers for the various schools in the county, and at which all the members were present, an order was made electing Rynerson principal of the Salvisa High School. The minutes of the meeting were taken in writing by the county superintendent, but were not then entered upon the order book. The board was later advised that it had no authority to employ the principal of the high school, unless he was nominated by the county superintendent, and, at a meeting held on May 5, 1931, the board made the following order:

"Since the election of the teachers for the high schools and grades connected at the previous meeting was done without the recommendation of the superintendent, a motion was made and seconded

that we proceed next with the election of teachers according to law.''

Thereupon the superintendent nominated teachers for the various grades and they were elected. He then nominated James L. Rynerson, for the position of principal of the Salvisa High School and one of the members of the board moved that he be elected. There was no second to this motion, and the superintendent then nominated Miss Gladys Seay, and she was elected. At that time the minutes of the previous meeting at which Rynerson had been elected had not been written up, but they were afterwards written up, approved, and signed on June 2, 1931.

On August 21, 1931, Rynerson brought this action against the board of education of Mercer county and Miss Gladys Seay to enjoin the board from preventing him from entering upon the discharge of his duties as principal of the high school and to enjoin it from making any payment of the salary to any other person, and he asked for a mandamus against the board requiring it to permit him to enter upon the discharge of his duties as principal of the high school. An answer was filed to the petition and proof was heard which, in substance, showed the facts above stated. The circuit court dismissed the petition of Rynerson, and he appeals.

Two questions are presented on this appeal: (1) Did the board of education have authority to employ Rynerson as principal of the Salvisa High School without the approval of the county superintendent? (2) Did the action of the board at its meeting on June 2, 1931, meet the requirement that appellant's employment should be in writing, which was held to be necessary in the case of Dover v. Stovall, 237 Ky. 172, 35 S. W. (2d) 24? Since we have concluded that the first question must be answered in the negative, it will be unnecessary to discuss or determine the second question presented.

Chapter 24 of the Acts of the General Assembly of 1916 was a general revision of the school laws of the state, and subsection 2 of section 212 provided that,

"when county high schools shall be established as provided in this act, it shall be the duty of the county board of education to employ and fix salaries of said teachers necessary to the efficient conduct of said high school.''

This subsection was amended in 1918, but without changing the above provision. Acts of 1918, c. 138, p. 581. Since then subsection 2 of section 212, Acts of 1916, as amended in 1918, has been carried in the Kentucky Statutes as section 4526b-3. In 1920 the Legislature passed an act amending the school laws in several respects. Chapter 36, Acts of 1920. Section 7 of that act provided in part:

"The county board of education shall appoint on the written recommendation of the county superintendent from a list of names submitted by him all principals, assistant principals and teachers and fix their salaries subject to the provisions of law."

Section 11 of the same act, which is now section 4399a-11, Kentucky Statutes, provided in part:

"The county superintendent of schools shall nominate for appointment by the county board of education all principals, all assistant principals and teachers and shall assign them to the positions of principals, assistant principals and teachers of the various schools of the county."

The law remained thus until 1924, when section 7 of the act of 1920 was amended so as to read:

"The county board of education shall on written recommendation of subdistrict trustees appoint all principals, teachers and supervisors from a list of names of qualified and available persons submitted by him in writing."

Chapter 52, sec. 3, Acts of 1924. This section is now carried in the Kentucky Statutes as section 4399a-7. Section 11 of the act of 1920 providing that the county superintendent shall nominate for appointment by the county board of education all principals, assistant principals, and teachers was not changed by the act of 1924.

The purpose of the Legislature in amending section 7 of the act of 1920 was to give to the subdistrict trustees instead of the county superintendent the right to recommend teachers in the rural schools where only common school branches are taught. This amendment did not affect the existing right of the county superintendent to nominate principals and teachers in county high schools. By leaving section 11 of the act of 1920 unchanged, the Legislature obviously intended that the county superin-

tendent should continue to nominate teachers in county high schools. In Moss v. Eubank, 176 Ky. 739, 197 S. W. 425, which was decided prior to the passage of the 1920 act, it was held that, under section 4526b-3, where a school had been designated by the county board of education as a county high school, the authority for the employment of teachers in the entire school, including teachers in the common school grades, was with the county board of education. In Hale v. County Board of Education of Calloway County, 213 Ky. 366, 281 S. W. 168, it was said that section 4399a-7 did not repeal section 4526b-3. The only question presented in that case was whether the trustee in a district in which the school had been converted into a county high school had the right to recommend in writing the teachers for the school. The question as to whether or not the county superintendent had the right to nominate the teachers was not involved. The opinion was correct in saying that section 4526b-3 was not repealed by section 4399a-7, but it undoubtedly was impliedly repealed by section 11 of the act of 1920, now section 4399a-11 of the Statutes.

In the recently decided case of Floyd County Board of Education v. Hall, 242 Ky. 680, 47 S. W. (2d) 514, we held that a county board of education is without authority to choose a person as principal of a consolidated high school without his first being nominated by the county superintendent. The statutes make no distinction between high schools conducted in so-called consolidated districts and those conducted elsewhere. Consolidated school districts are only enlarged subdistricts, and the methods of conducting high schools therein are not different from the methods authorized in other districts. Section 4399a-7 regulates the appointment of teachers in all schools other than high schools, and section 4399a-11 regulates the appointment of teachers in all high schools operated under the supervision of the county board of education, and, under the latter section, the board can only elect teachers who have been nominated by the county superintendent.

It follows from what we have said that the board of education of Mercer county was without authority at its meeting on April 13, 1931, to elect appellant as principal of the Salvisa High School, and the lower court did not err in dismissing his petition.

The judgment is affirmed.

The whole court sitting.