# Hudson v. Ohio County Board of Education et al.

(Decided March 2, 1934.)

RODES· K. MYERS and W. R. GARDNER for appellant.
KIRK & BARTLETT for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

L. L. Hudson sought to compel the Ohio county board of education to employ him as principal of the Cromwell High School of that county and to recover damages for their failure to do so. A demurrer was sustained to his petition, and he has appealed.

Hudson had in his petition aptly alleged:

That he had filed with the Ohio county board of education his application for position as principal of this school, and a certificate showing his qualifications. That he had been nominated as principal for this school by W. R. Carson, Jr., the county superintendent. That on July 3, 1933, he was by the board of education unanimously elected, the action of the board being thus stated in its minutes:

"Section 22. Motion by Milton Barnard, second by J. A. Duff, that the following teachers be elected for Cromwell, upon the condition that their certificate records are clear; L. L. Hudson, Henry Daniel, Vera Amos, Margaret James, and Grace Martin."

That he was notified of his election and shortly thereafter wrote to the said superintendent, and said letter is in the possession of said board of education, and accepted the position. That he offered to execute

a written contract. That he was thereafter asked to resign, but refused to do so, whereupon the board of education on July 17, 1933, attempted to so amend their minutes as to read that "Stanley Byers, Leonard Kessinger, Vera Amos, Margaret James and Grace Martin, upon recommendation of trustees, be elected."

That Byers was not nominated by the county superintendent. That plaintiff is of lawful age and is a graduate of Western Kentucky Teachers' College, holding a master degree. That he has and did have at all times herein mentioned a life certificate from the state board of education authorizing him to teach in any high school or graded school or any other public school in the state of Kentucky. That said certificate is on file with the defendant Ohio county board of education. That at the time of his election and acceptance it was not known just what the salary would be. That the exact salary is dependent upon the qualifications of the teacher and his experience as governed by the rules and regulations of the state board of education and the local board of education. That the salary of that position is approximately $130 per month for a period of nine months, and that the exact figures are in the possession of the defendant Carson and known to him and to the board of education. That he has had twenty-five years of experience as a teacher and principal in the schools of Kentucky. That their objections to his teaching was without any complaint by any of them about his qualifications, character, or ability to teach and perform the duties, but grew out of the fact that the said trustees of said district wanted to usurp the right of the county school superintendent to name teachers for said district. That they demanded and persisted in their demands that they be given the privilege of recommending all the teachers, including the principal and assistant principal for the high school. That the superintendent, Carson, at no time withdrew the nomination of this plaintiff or nominated the defendant Byers. That all of the high schools have been contracted for and will commence in a few days. That he has devoted his life's work to teaching and to school work. That by the acts of defendants herein he has lost all opportunities of obtaining employment elsewhere. That, if he is not given said position, he will be damaged the full salary which he would have received for teaching said school and for work as principal, to wit, the sum of $1,170.

Clearly the plaintiff's petition stated a cause of action and the court erred in sustaining a demurrer to it.

Section 4399a-7 regulates the appointment of teachers in all schools other than high schools, and section 4399a-11 regulates the appointment of teachers in all high schools operated under the supervision of the county board of education, and, under the latter section, the board can only elect teachers who have been nominated by the county superintendent. Rynerson v. Mercer County Board of Education et al., 244 Ky. 292, 50 S. W. (2d) 567. See, also, Stith v. Powell, County Supt., 251 Ky. 155, 64 S. W. (2d) 491.

By section 4399a-11 Ky. Stats., it is provided:
"The county superintendent of schools shall nominate for appointment by the county board of education all principals, all assistant principals and teachers and shall assign them to the positions of principals, assistant principals and teachers of the various schools of the county."

Appellees stress the fact that they did not elect Hudson as principal, but elected him as a teacher only. That was all they could do. It is for the county superintendent to say who shall be principal. See section 4399a-11 Ky. Stats., cited above. They urge that he was not nominated in writing, but orally. An oral nomination is sufficient when the county superintendent is present and in this case he was. See Floyd County Board of Education v. Hall. 242 Ky. 680, 47 S. W. (2d) 514.

There are many matters discussed in brief, but they amount to nothing. When Hudson made his application for the position as principal and Carson, the county superintendent, approved it by nominating him, and he had the educational qualifications and no objections to his moral fitness were made, there was nothing left for the board of education to do but obey the law and elect him, and the results of their failure to do so are of their own making.

Judgment reversed, with direction to overrule the demurrer to the petition and for consistent proceedings.