## Amburgey et al. v. Draughn.

### Same v. Slone.

### Same v. Risner.

Oct. 28, 1941.

130

Clark Pratt for appellants.

Napier & Napier, Calloway W. Napier, and Calloway W. Napier, Jr., for appellees

OPINION OF THE COURT BY VAN SANT, COMMISSION-ER—Affirming in part and reversing in part.

The appellant, Jethro Amburgey, succeeded Beckham Combs as superintendent of schools of Knott county on July 1, 1941. At a meeting of the Knott county board of education held on the 5th day of May, 1941, Mr. Combs submitted to the board a list of proposed teachers and other employees for the school year 1941-1942. The list contained the names of appellee, Bartram Draughn, to teach in school No. 7, appellee, Harry B. Slone, to teach in school No. 48, and appellee, George Risner, to drive one of the three busses operated by the board. Appellants, T. C. Camp, Cleveland Combs, Bent Newland, Thomas B. Sutton, and Sidney Adams, comprising the entire membership of the board, were present in person at the meeting. Two of the members voted to approve the employment of all persons recommended by the superintendent; three of the members voted to defer action on the recommendations until the next regular meeting. The three members who voted to defer action failed to appear at the next meeting, but at a subsequent meeting employed all of those recommended by Mr. Combs, except Draughn, Slone, and Risner. Risner was not offered any employment, but Draughn and Slone were offered teaching positions in schools other than those for which they had been recommended by Mr. Combs, at the same salary they were to receive under the original recommendations. Both refused to accept employment under the new assignments, whereupon the board employed appellant, Francis Taylor, to teach school No. 7, appellant, Thomas Waddles, to teach school No. 48, and appellant, Rodgers Sturdivant, instead of Risner. The recommendations of Mr. Combs in respect to the employment of appellees were not withdrawn and no question is made of their

qualification to fill the positions for which they were nominated.

Separate actions, which were tried together and consolidated on appeal, were filed by the rejected applicants against the county superintendent, members of the board, and the successful applicant in each case. Proof was taken by deposition and judgments entered granting the relief prayed in the petition, the substance of which was: (1) To enjoin each of the incumbents from continuing to function in his respective position; (2) to declare each of the appellees entitled to employment and the emolument of the position recommended by the superintendent on May 5; (3) to require the county superintendent, the county board of education, and the substituted employees to pay to appellees the money they would have been entitled to receive had they discharged the duties of the positions for which they were recommended.

All of the questions presented by the record before us have been decided by this court in the cases hereinafter cited, and, since the opinions in those cases contain elaborate discussions of the reasons for our conclusions, it would serve no useful purpose to restate them herein.

We are of the opinion that the trial court properly determined the factual issue in dispute, viz:, that the reading of the names of the teachers and their assignments to the board at its meeting on May 5, 1941, was, in effect, a recommendation that each of them so named should be employed by the board in the position designated. It was not necessary that the recommendations be submitted to the board in writing; a verbal recommendation is sufficient to meet the requirements of Section 4399-34 of the Statutes, if made in person by the county superintendent. Floyd County Board of Education v. Hall, 242 Ky. 680, 47 S. W. (2d) 514. It was the duty of the board to consent to and approve the appointments to the positions to which teachers and employees were recommended, unless substantial cause in each particular case be shown. Cottongim v. Stewart, 277 Ky. 706, 127 S. W. (2d) 149, 150, and cases therein cited. It is admitted by appellants that appellees in this case were qualified to fill the positions for which they were recommended.

In arriving at a decision in this case, it is unneces-

sary for us to determine whether the alleged contracts of employment were legally entered into, or whether the minutes of the meeting of May 5 were binding on the board without having been approved by its chairman, or whether the votes of the members deferring action on the recommendations should be regarded as having been cast in favor of the position of the majority of the members actually voting. The rights of the parties would not be affected by determining these questions pro or con, because one who is legally qualified for the position, and who has been duly nominated by the proper officer and whose name has never been withdrawn, acquires a vested right to teach, or perform the duties of his employment, and to receive the emoluments of the employment, as certainly as if a contract had been executed with the approval of the board. Wisdom's Adm'r v. Sims, and consolidated cases, 284 Ky. 258, 144 S. W. (2d) 232, 236; Cottongim v. Stewart, supra. Thus it will be seen the law implies a contract between the parties, specific performance of which will be enforced by the court, and for the breach of which damages may be allowed. Damages are not allowable against the board of education in its official capacity because the money appropriated for payment of the salaries of the positions in dispute has been expended; and public funds may not twice be drawn upon for services once received. Damages are allowable, however, against the members of the board for their failure to perform their mandatory legal duties; and against the substitute employees for money had and received by them on contracts which were illegal, if it be shown they had knowledge of the illegal acts of the members of the board. Cottongim v. Stewart, 283 Ky. 615, 142 S. W. (2d) 171, 177. But in such a case, as in all other suits for damages arising out of the breach of a contract, it is the duty of the person seeking recovery to minimize the damages. Cottongim v. Stewart, 283 Ky. 615, 142 S. W. (2d) 171, 177. The burden of showing an effort to minimize damages is upon the person seeking to recover, because it is a necessary element in proof of the amount of the damage he is entitled to receive.

The proof for Risner fails to show that by reason of the breach of his contract he had been required to remain out of employment, and the failure of proof in this respect precludes a recovery of more than nominal dam-

ages for breach of his contract. Appellees, Draughn and Slone, admitted in their depositions that each had declined the offer of a teaching position in another school at the same salary he would have been entitled to receive had the board fulfilled its contract. The acceptance of those positions would not have affected their rights to teach in the school for which they were recommended; it is obvious therefore that they are precluded from recovering more than nominal damages for the breaches of their contract.

For the reasons above recited, the judgments are reversed as to those parts which allow substantial recoveries for the breaches of the contracts with directions to enter in lieu thereof awards of nominal damages in favor of appellees against the members of the board of education and the substitute employee in each case. In all other respects the judgments are affirmed.