## Smith v. Rose et al.

March 12, 1943.

584

T. E. Mahan for appellant.

E. L. Stephens for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

A demurrer was sustained to the petition, as amended, of Robert Smith against members of the Whitley County Board of Education and certain other individuals, to recover $1250 damages for the failure of the Board to accept his nomination by the County Superintendent as the driver of his privately owned bus in transporting school children over a certain route. His nomination was included in a list of teachers and bus drivers submitted April 30, 1938, by C. S. Wilson, then County Superintendent. The Board postponed the consideration of the nominations until July 2. In the meantime it had elected Charles M. Lawson as Superintendent for the term beginning July 1. Lawson undertook to withdraw Wilson's recommendations and submitted others, who were chosen or contracted with on July 5. Smith's qualifications and inability to earn as much as he would have earned had he been employed by the Board stand admitted by the demurrer. The petition was dismissed upon plaintiff's failure to plead further.

The appellant relies upon the provisions of Section 4399-34, Ky. Stats., as interpreted in Amburgey v. Risner, 288 Ky. 128, 155 S. W. (2d) 740. In that case the outgoing Superintendent had nominated Risner for employment as the driver of the school bus owned by the Board, along with others for similar work, and a number of teachers. Risner was rejected by the Board and another hired for the place he sought. He and some of the teachers whose nominations were also rejected instituted suits against the members of the Board and those who were given their places, seeking injunctive relief and recovery of the salaries which would have been paid them

had they been chosen or their nominations accepted. We adhered to previous rulings that under the statute a teacher or another coming within its terms has a vested right to the place for which he has been properly nominated by the County Superintendent, although rejected by the Board of Education, and that he may recover of the members of the Board and the one who secured his job the emoluments of the office or place as for breach of contract. But we held Risner was not entitled to recover more than nominal damages because of failure of proof in respect thereof. Although there is a reasonable implication to the contrary, we did not construe the terms of Section 4399-34, Ky. Stats., in relation to the employment of school bus drivers. The statute reads in part:

"All appointments, promotions, transfers and dismissals of principals, supervisors, teachers, and other public school employees shall be made only upon the recommendation of the superintendent of schools, subject to the approval of the board."

The appellees contend that the rule of ejusdem generis requires that the clause, "other public school employees," be construed as embracing only those who have an actual part in the educational program and as excluding bus drivers, janitors and the like. Their employment, it is submitted, is entirely and exclusively within the discretionary powers of the Board. The appellees also argue that the recommendation of the appellant for employment as bus driver, furnishing his own private vehicle, is not within the statute. We need not respond to the first argument. Section 4399-20, Ky. Stats., (now KRS 158.110), provides that the Board of Education shall furnish transportation for pupils under certain conditions. Since it does not prescribe any definite limitation or restriction, it lies within the discretion of the Board whether they will provide the instrumentality and hire the operator or will make a contract with one who provides his own vehicle. Here the proposal or recommendation of the Superintendent was in effect that the Board enter into a contract with Smith to provide transportation of the children. It would be the same as if the Superintendent had recommended that a contract be made with a motor transportation company engaged in contract carriage of persons. We are of opinion that such a contract is not within the contemplation

of Sec. 4399-34 of the Statutes, relating to the employment of ''principals, supervisors, teachers, and other public school employees.''

Wherefore the judgment is affirmed.