Williams, J.
 

 The first question arises oil the appeal by plaintiff. She maintains that the trial court committed prejudicial error in holding that recovery of a money judgment for the school years 1941-1943 would bar further recovery, and in failing to enter judgment in her favor for salary for the two school years as prayed for.
 

 The decision of the trial court was based upon the pronouncement in
 
 James
 
 v.
 
 Allen County,
 
 44 Ohio St., 226, 6 N. E., 246, 58 Am. Rep., 821. There the plaintiff was employed by the defendant, Allen county, as superintendent of the stone and brick work in the con
 
 *576
 
 struction of a court house, at a monthly salary of $100, the employment to last until the stoneand brick work should be completed. Before the completion of such work the defendant discharged the plaintiff but the services actually performed had been fully paid for. It was held that there could be a recovery of damages for the wrongful discharge but that an action would not thereafter lie for further recovery of wages or damages. The underlying reasons given by the court were that the doctrine of constructive service was unsound; that the discharge of plaintiff operated to terminate the contract; and that the discharge amounted to a breach of the contract for which an action for damages could be maintained, without right to further relief.
 

 In that case the rights were determined according to the principles of the common law. In the instant case the rights of the parties must be determined according to the provisions of the Teachers’ Tenure Act, Section 7690-1
 
 et seq.
 
 (119 Ohio Laws, 451), now Section 4842-7
 
 et seq.,
 
 General Code (120 Ohio Laws, 540). This difference in approach is the pivotal point on which the instant case turns.
 

 The plaintiff, having been employed as a teacher in the schools of Youngstown by the board of education for more than five consecutive years prior to September 1, 1941, came within that part of Section 7690-2, General Code, which then read:
 

 “Provided, however, that on or before September 1, 1941, a continuing contract shall be entered into by each board of education with each teacher holding a professional, permanent, or life certificate who, at the time of the passage of this act, is completing five or more consecutive years of employment by said board.”
 

 What is said in this opinion is to be restricted to continuing contract's coming within the scope of that provision.
 

 
 *577
 
 There is no doubt of plaintiff’s right to “continuing contract status,” that is, to “employment under a continuing contract.” Any question as to that right was settled in the mandamus proceeding. The failure or refusal of the defendants to formally enter into a continuing contract in obedience to the writ of mandamus does not forestall the right of plaintiff to maintain an action for the salary to which she would be entitled under such a contract.
 
 Poehls
 
 v.
 
 Young et al., Bd. of Edn., City of Youngstown,
 
 144 Ohio St., 604, 60 N. E. (2d), 316. In that case a peremptory writ of mandamus had been issued commanding the board of education to enter into a continuing contract with the teacher, for the school year 1941-1942. She never received such a contract and was not assigned a school. Thereupon she brought an action to recover salary for that period. It was held that the board of education was “liable for the amount of salary the teacher would have received for that year had the board complied with the provisions of the statute.” The recovery was limited to one year because at the end of the year the teacher retired.
 

 This court is therefore committed to the principle that, where the right to a continuing contract has been established in a mandamus proceeding, but through default of the board of education no contract has been entered into and no school assigned, the teacher may maintain an action for salary.
 

 The defendants herein maintain that the plaintiff is claiming a breach of contract and that she should be restricted to one recovery therefor. As no contract was formally entered into, there could be no breach in a strict sense. What was the nature of the defendants ’ wrong? The board of education is not vested with any discretion as to the terms of the continuing contract, except as to increase of salary and as to reduction of sal
 
 *578
 
 aries by a uniform plan affecting the entire district. Section 7690-3, General Code, now Section 4842-9, General Code. Such a continuing contract has sometimes been denominated a “legislative contract.” The General Assembly in the part of Section 7690-2. quoted above has expressly prescribed the qualifications and prior service which entitle a teacher to a contract of that kind. The legislative provisions constitute an offer to the teacher, and a fulfillment of the statutory requirements by the teacher constitutes such an acceptance as to impose upon the board of education the mandatory duty to enter into such a contract at the salary for the preceding school year (payable of course in like installments), or at the reduced salary fixed by a uniform plan, as provided by statute, if such a plan has been adopted. The defendants’ wrong consisted in disregarding the statute and failing to obey the writ of mandamus and assign plaintiff a school. The defendants’ course of conduct constituted a breach of official duty rather than a breach of contract.
 

 Restricting the plaintiff to a single recovery for damages would be inconsistent with that part of Section 7690-1, General Code, now Section 4842-7, which read thus:
 

 “A continuing contract shall be a contract which shall remain in full force and effect until the teacher resigns, elects to retire, or is retired pursuant to Section 7896-34 of the General Code, or until it is terminated or suspended as provided in this act and shall be granted only to teachers holding professional, permanent, or life certificates.” (Section 7896-34, General Code, provides for voluntary retirement at the age of sixty and retirement by the board at seventy.) Had the continuing contract been formally entered into, it would have remained in full force and effect until ended in one of the ways provided by statute. Obvi
 
 *579
 
 ously the board of education could not put an end to the contractual relationship by its own wrongful and unlawful conduct. Where, after the continuing contract is entered into, the teacher is deprived of a teaching assignment and the salary, the doctrine of constructive service applies and the teacher may maintain an action for past-due salary and for subsequent installments of salary so long as the contract remains in full force and effect.
 

 Applying the principle pronounced in
 
 Poehls
 
 v.
 
 Young, supra,
 
 we hold that the board of education is liable for the amount of salary the plaintiff would have received, if the board had in all respects complied with the applicable statutory provisions. The case of
 
 James
 
 v.
 
 Allen County, supra,
 
 has no application and is distinguished.
 

 The second question arises on the defendants’ cross-appeal in this court. The question is: Does the second amended petition state a cause of action for a declaratory judgment?
 

 This court in determining what recovery may be had is compelled incidentally to pass upon the question regarding which a declaratory judgment is sought. The plaintiff in her second amended petition states facts which are sufficient to warrant recovery of her salary for the two school years 1941-1942 and 1942-1943, and by supplemental petition may bring in subsequent installments of salary as they become due and payable during the pendency of the action. In determining the sufficiency of a petition, and the. relief warranted by the facts alleged, the prayer is not controlling. The second amended petition does not state a cause of action for a declaratory judgment but only a cause of action for salary. The entering of the declaratory judgment therefore constituted prejudicial error.
 

 
 *580
 
 After all, this decision must rest upon the evidence. The undisputed facts do not entitle plaintiff to a declaratory judgment but do entitle her to a judgment for the salary that would have been due and payable had the continuing contract been entered into as required by statute.
 

 The Court of Common Pleas committed prejudicial error in entering a declaratory judgment and in failing to fix the amount of salary to which the plaintiff was entitled and render judgment in her favor therefor; and the Court of Appeals committed prejudicial error in affirming the judgment of the trial court.
 

 For such errors the judgments of the courts below are reversed and the cause is remanded to the Court of Common Pleas for further proceedings not inconsistent with the syllabus of this opinion. ,
 

 Judgment reversed and caitse remanded.
 

 Weygandt, C. J., Zimmerman, Bell and Hart, JJ., concur.
 

 Matthias, J., not participating.