## Beverly et al. v. Highfield.

March 9, 1948.
Rehearing denied April 23, 1948.

180

Marvin J. Sternberg and John W. Coomes for appellants.

J. F. Thomas for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

This action was instituted by Mrs. J. T. Highfield, as Superintendent of the Henry County Schools, against the members of the Board of Education of that county, herein after referred to as the Board, and John W. Long, a school teacher, wherein she sought to enjoin the Board from employing Long on December 1, 1947, as Principal of the New Castle High School, and to enjoin Long from acting in that capacity. A general demurrer was sustained to the separate answers of the Board and of Long, both of whom declined to plead further and a permanent injunction went against all defendants and they have appealed.

The petition avers that on July 3, 1946, the Board, acting without the Superintendent's recommendation and against her will, entered an order on its books appointing Long as Principal of the New Castle High School for the year 1946-1947; that upon her recommendation the Board on August 4, 1947, elected Long to teach in the Campbellsburg High School; that on November 27, 1947, the Board acting without her recommendation and against her will entered an order on its books appointing Long as Principal of the New Castle

High School beginning December 1, 1947; and unless enjoined Long will take charge of that school by force to the great and irreparable injury of the school.

By their answers as amended the defendants denied that Long was named as the Principal at New Castle by the Board on July 3, 1946, without the recommendation or against the will of the Superintendent; and averred that the Superintendent acquiesced in his appointment and is now estopped to deny it was made without her recommendation. It is further averred in the answers that Long had taught in the schools of Henry County for seven consecutive years from 1934 to 1940, inclusive; that from 1941 to 1945, inclusive, he served as Attendance Officer of the Board; that when he was employed for the year 1946-1947 as Principal of the New Castle High School, he was employed under a continuing contract, a copy of which is filed with defendants' pleadings; that Long was never notified by the Superintendent or by the Board that he was not to be retained as Principal of New Castle, and his more than six years' service as a teacher in the schools of Henry County entitled him to continuous employment as Principal at New Castle under KRS 161.740, and that Long's employment as such principal by the Board in 1946 was a continuing employment.

The contract filed with the answers shows that Long's employment as Principal at New Castle was not a continuing but was a limited employment. The contract expressly so recites. It is provided in KRS 160.-380 that all appointments of principals of schools shall be made upon the recommendation of the Superintendent, subject to the approval of the Board; that if the County Superintendent and the Board cannot agree upon a principal, the Board may appeal to the State Department of Education and the decision of that body shall be final.

In the instant case the Board named Long as Principal for the year 1946-1947 without the Superintendent having recommended him. This it had no right or authority to do and Long's appointment or election was void. Stith v. Powell, 251 Ky. 155, 64 S. W. 2d 491. As this contract was void, Long cannot use it as a foundation upon which to rest his claim that because of it

the Board is compelled to continue his employment. Calor Oil & Gas Co. v. Franzell, 128 Ky. 715, 109 S. W. 328, 36 Ky. Law Rep. 98, 36 L. R. A., N. S., 456; Lowther Oil & Gas Co. v. McGuire, 189 Ky. 681, 223 S. W. 718; Hunt v. Smith, 191 Ky. 443, 230 S. W. 936, 17 A. L. R. 588.

Defendants argue that the Superintendent by acquiescing in Long's void employment for the year 1946-1947 is now estopped from denying the validity of the contract she made with him. Had the Superintendent attempted to prevent Long from being paid his earned salary under that contract, or from denying him other similar past rights to which he was entitled thereunder, we would say she would be estopped. But we have no such case. It is well-known that during the war, and directly after hostilities ceased, it was difficult to obtain competent teachers and principals in this Commonwealth. Knowing of this difficulty, the Superintendent evidently did not care to recommend Long as Principal under a continuing contract but made no objection when the Board employed him for that one year, even though she did not recommend him. Long knew he was being employed in 1946 under a limited contract for that paper so recited. In the circumstances it cannot with reason be said that the Superintendent is estopped to deny the validity of the 1946 contract when Long is attempting to use it as a foundation for perpetuating himself as Principal of the New Castle High School.

It is insisted by defendants that under the Teachers' Tenure Act, KRS Chapter 161, the parties could not have entered into anything less than a continuing service contract in 1946, even had they so desired, citing 47 Am. Jur., School, sec. 136, p. 394, and many foreign authorities such as Roller v. Patrick, 145 Ohio St. 572, 62 N. E. 2d 367; Anderson v. Board of Education, 390 Ill. 412, 61 N. E. 2d 562; Malone v. Hayden, 329 Pa. 213, 197 A. 344. But KRS 161.730 says the Board shall enter into a limited or a continuing contract for the employment of all teachers. And KRS 161.740(2) expressly provides that a teacher eligible for a continuing contract may upon the recommendation of the Superintendent be employed under a limited contract for not exceeding two years.

We cannot regard seriously defendants' argument that their special demurrers should have been sustained to the petition because the caption did not show the capacity in which plaintiff was suing or the capacity in which the defendants were being sued. It is true the petition might have been in more elegant form had the caption shown that Mrs. Highfield was County Superintendent of Henry County and that the defendants, with the exception of Long, were members of the County Board of Education. However, the body of the petition described Mrs. Highfield as the "duly qualified, elected and acting Superintendent of Schools for Henry County, Kentucky," and the other defendants, except Long, as such members of the Board. This is sufficient under sec. 110 of the Civil Code of Practice. Harrod v. Harrod, 167 Ky. 308, 180 S. W. 797 and authorities therein cited.

The late case of Lewis v. Board of Councilmen of Frankfort, 305 Ky. 509, 204 S. W. 2d 813, relied upon by defendants, has no application here. There, the Board sought a mandamus against the "Board of Councilmen of the City of Frankfort" without naming the members of the Board either in the caption or the body of the petition. We held the pleading defective because no opportunity was given the members of the Board to defend themselves in their official capacity, nor was any one named against whom the court could have enforced a mandamus had one been granted.

Complaint is made in defendants' brief that the temporary injunction was granted without a bond being required. However, the temporary injunction is not before us and, as defendants admit in their brief, no bond is required where the judgment is final and a permanent injunction is granted. Cossar v. Klein, 227 Ky. 768, 14 S. W. 2d 160.

For the reasons given the judgment is affirmed.