## PAYNE et al. v. BUSH.

Court of Appeals of Kentucky.

June 20, 1952.

John W. McKenzie, Ashland, Thomas E. Nickell, Greenup, for appellants.

Dysard & Dysard, Ashland, for appellee.

STEWART, Justice.

Appellee, Ethel Bush, sought a mandatory injunction against appellants, the superintendent and the members of the board of education of Raceland Independent School District, to require them to enter into a continuing contract with her to teach in the above District. This appeal is from a judgment in favor of the teacher.

It was stipulated that appellee was eligible for a continuing contract. As a matter of fact, it seems to be well-established she had attained the status entitling her to such a contract before she became a teacher in the employment of the District. The record discloses that after appellee had taught four years in the District she had never demanded, and the superintendent had never recommended her for, a continuing contract. On March 6, 1951, the board by unanimous vote, upon the recommendation of the superintendent, decided not to reemploy appellee for the school year 1951–52 and notified her in writing of this action on March 7, 1951. This move apparently precipitated this litigation.

It is appellee's contention that, being eligible for continuous service status when first employed by the District and having been employed by the District under a limited contract for two years, her subsequent reemployment could only be by a continuing contract and the board may be compelled by injunctive process to sign such a contract

with her. Appellants argue that the superintendent and the board may exercise discretionary power in granting or refusing a continuing contract. To resolve these questions we must construe KRS 161.740(2) which reads as follows:

"A teacher eligible for continuing service status shall be reemployed and a continuing contract shall be entered into between the board of education and such teacher upon the recommendation of the superintendent unless the board by a four-fifths vote of its full membership rejects the continuing contract of the teacher recommended. However, the superintendent may recommend employment of such teacher, under a limited contract, for not to exceed two years but upon subsequent reemployment only a continuing contract may be entered into."

■ The above subsection is a part of the so-called "Teachers' Tenure Act", being KRS 161.720 to 161.810, inclusive, and, so far as we know, this Court has never interpreted the particular provision of the Act determinative of the issue raised in this case. However, when we read the first sentence of the subsection it seems clear and unambiguous that a teacher, eligible for continuing service status, must be first recommended by the superintendent for a continuing contract before such contract shall be entered into between the teacher and the board of education, with the reservation that the board by a four-fifths vote of its entire membership has the right to reject the contract. Consequently, we have no doubt that the sentence of the subsection under consideration reposes discretion in the superintendent and the board to give to or withhold from a teacher a continuing contract. It is the interpretation of the last sentence of the subsection that makes our task a difficult one.

The learned Chancellor, holding that the last sentence of the subsection controlled the decision of this case, was of the opinion that appellee had attained continuing service status before her employment by the District; that she had been hired under a limited contract by the District for two years; and that her subsequent reemployment after two years of employment under a limited contract could only be by a continuing contract. The Chancellor concluded that appellants cannot rely upon their failure to offer appellee a continuing contract at the expiration of "her two years employment under her limited contract", but that, on the other hand, appellee became invested with the right to compel the issuance of a continuing contract to her, under the circumstances, as a matter of law.

KRS 161.720(3) defines a limited contract in these words: "The term 'limited contract' shall mean a contract for the employment of a teacher for a term of four years or less."

KRS 161.730 provides: "Each board of education shall enter into either limited or continuing contracts for the employment of all teachers."

■■ Applying the law to the facts of this case, we find ourselves unable to agree with the contention that a teacher, eligible for a continuing contract, after having taught two years under a limited contract, acquires an absolute right to a continuing contract upon subsequent reemployment, as in this case, under a limited contract. The phrase "entered into" in the above subsection implies affirmative, reciprocal action between the teacher, on the one hand, and the superintendent and the board, on the other hand. Here a limited contract, in each instance, was executed by the teacher and the board, with the superintendent recommending such. It is fundamental that the contract speaks for itself and makes manifest by its context the intentions of the parties thereto. Under the circumstances, we cannot say that a continuing contract came into existence when the teacher and the board entered into and agreed to a limited contract. Nor does the law step in and vitiate an agreement limited as to time, which appellee consented to teach under, and automatically enlarge it into a contract of unrestricted duration.

Wherefore, the judgment is reversed, with directions that it be set aside and that a new one be entered in conformity with this opinion.