## PAYNE et al. v. STEVENS.

Court of Appeals of Kentucky.
Sept. 26, 1952.

John W. McKenzie, Ashland, Thomas E. Nickell, Greenup, for appellants.

Dysard & Dysard, Ashland, for appellee.

CAMMACK, Chief Justice.

This appeal is from a judgment holding that the appellee is entitled to a continuing teaching contract under KRS 161.740.

In the case of Payne v. Bush, Ky., 249 S.W.2d 789, we held that a teacher eligible for a continuing contract under the Teachers' Tenure Act, after having taught two years under a limited contract, acquires no absolute right to a continuing contract on subsequent re-employment under a limited contract. That case is controlling here, since the facts in the two cases are identical.

Judgment reversed, with directions to set it aside, and to enter a judgment in conformity with this opinion.

## VOGUE CLEANERS, a Corporation, v. J. W. SNYDER et al.

Court of Appeals of Kentucky.
Sept. 26, 1952.

Otto C. Martin, Earl F. Martin, Hartford, for movant.

John B. Anderson, Owensboro, for opposed.

PER CURIAM.

Motion for an appeal from the Daviess Circuit Court. Judgment for $337.50 for real estate broker's commission.

We have considered the record carefully and find no error.

The judgment is affirmed.

## Willard DAMRON, Movant, v. COMMONWEALTH of Kentucky, Opposed.

Court of Appeals of Kentucky.
Sept. 26, 1952.

V. R. Bentley, Pikeville, for appellant.

J. D. Buckman, Jr., Atty. Gen., for appellee.

PER CURIAM.

Motion for an appeal from the Pike Circuit Court by Willard Damron from a judgment convicting him of possessing whiskey for sale in local option territory, and fixing his fine at $100 and thirty days in jail. We have considered the record and feel that the judgment should be and it is affirmed.

Judgment affirmed.