**Arliss TAYLOR et al., Appellant,**

v.

**G. R. HAMPTON et al., Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1954.

Cleon K. Calvert, Pineville, for appellants.

Victor A. Jordan and Carlos B. Pope, Barbourville, for appellees.

MOREMEN, Judge.

Appellants filed suit to compel appellees, the county school superintendent and members of the Knox County Board of Education to enter into a "continuing service contract" under the Teachers' Tenure Act, KRS 161.720, 161.810. A demurrer was sustained to the petition as amended. Appellants declined to plead further and the petition was dismissed.

Under the act the term, "continuing service contract", means a contract for the employment of a teacher which shall remain in force until the teacher resigns, retires or until the contract is terminated or suspended as provided in KRS 161.790, 161.-800. (The first statute deals with dismissal for cause after proper charges have been filed, an opportunity to answer and defend have been given, and a hearing had by the board whose decision is reviewable by the courts. The second statute relates to suspension of contracts on proper reduction of the number of teachers because of decreased enrollment of pupils). The term, "limited contract," means a contract for the employment of a teacher for a term of four years or less.

The appellants, each of whom had a certificate of qualification to teach, had served as teachers in the Lynn Camp School in Knox County for the following consecutive years: Arliss Taylor, 7 years; Ruth Taylor, 7 years; Marie Hill, 7 years; McCoy Lewis, 13 years; Zylphia Lewis, 14 years. The services extended to and covered the school year of 1952–1953. Each year of their service purportedly was rendered under the terms of a limited contract for the period of one year and no one ever received a contract formally labeled "continuing contract." After they had served for four continuous years they requested that they be given a continuing contract, but appellees refused the request and each year thereafter they were given a contract limited to a period of one year.

On March 25, 1953, the appellants were notified by the secretary of the Knox County Board of Education that upon recommendation of the superintendent the board had voted that they would not be reemployed for the school year of 1953–54. The decision in this case requires the interpretation of that part of the Teachers' Tenure Act which reads as follows:

KRS 161.740

"(1) Teachers eligible for continuing service status in any school district shall be those teachers who meet qualifications listed in this section.

"(a) * * *

"(b) Have taught four years in the district. * * *

"(2) A teacher eligible for continuing service status shall be reemployed and a continuing contract shall be entered into between the board of education and such teacher upon the recommendation of the superintendent unless the board by a four-fifths vote of its full membership rejects the continuing contract of the teacher recommended. However, the superintendent may recommend employment of such

teacher, under a limited contract, for not to exceed two years but upon subsequent re-employment only a continuing contract may be entered into."

It is appellants' contention that after they had served for four consecutive years they were eligible for a continuing contract if the superintendent would recommend it and for the fifth year of service he might recommend a continuing contract which the board might refuse to allow, in which case the board might enter into a limited contract for not longer than two years but when the time arrived for the sixth contract, that contract by the express terms of the act must be a continuing contract, or none at all.

We recognize the logic of that contention, but appellees forcefully argue that the thesis advanced by appellants ignores vital sections of the act pertaining to teachers and insist that in decisions involving similar facts it has been emphasized that no contract under the act may be entered into between the board and a teacher without the prerequisite recommendation of the superintendent and that the provisions of KRS 160.370 and 160.380, which prescribe the powers of the superintendent, are controlling.

The superintendent, as executive agent of the board, has broad powers and this court has, in a number of cases, given full importance to maintaining the condition precedent that appointments, promotions and transfers may be had only upon the recommendation of the superintendent to the board; Rynerson v. Mercer County Board of Education, 244 Ky. 292, 50 S.W.2d 567; Johnson v. Elliott County Board of Education, 245 Ky. 834, 54 S.W.2d 382; Hudson v. Ohio County Board of Education, 253 Ky. 709, 70 S.W.2d 375; Amburgey v. Draughn, 288 Ky. 128, 155 S.W.2d 740; Duff v. Chaney, 291 Ky. 308, 164 S.W.2d 483; Smith v. Beverly, 314 Ky. 651, 236 S.W.2d 914, and we are not unmindful of the decisions had and the language used in the cases of Payne v. Bush, Ky., 249 S.W.2d 789; Payne v. Stevens, Ky., 251 S.W.2d 469; and Beverly v. Highfield, 307 Ky.

179, 209 S.W.2d 739. Unless these cases may be truly distinguished in fact, we have only the alternative of following them or of overruling them.

We have no inclination to depart from the cases which interpret the provisions of KRS 160.370 and 160.380 dealing with the powers of the superintendent and which affirm the broad powers given to him by the legislature, but the question of the extent of his powers is not presented here. As we see it, we must deal with the question of whether or not when the teachers were employed for the sixth year, that contract was in fact a continuing contract regardless of what it was called.

The allegations of the petition clearly show that the minimum time served by these teachers in this district was seven years so when we return to KRS 161.740 which deals with the form of the contract (and not KRS 160.370 and 160.380, which describe the powers of the superintendent) we find that if these teachers were employed during the years, they could be employed only as follows: For the first four years, under limited contracts, for the space of one year; the fifth contract, under subsection (2) of KRS 161.740, could have been under a limited contract for a period of two years; but this procedure was not followed; and the one more limited contract which could properly be had under this statute was agreed; but this statute is positive in its terms that after the four year probationary period, only one more limited contract could be entered into which could be for the period of one year or two years. The statute is equally certain that after the four year period and the one limited period, subsequent employment may only be under a continuing contract.

When the contract for the sixth year for each of these teachers was entered into, the clear mandate of this statute denied the right to the superintendent and the board to recommend or enter into any contract other than a continuing one. The controlling facts are that a contract for the sixth year was entered into, and these same teachers taught under that contract, and it

was only near the completion of the seventh year that they were notified that their services would not be needed for the succeeding year.

The courts indulge in the presumption that a public officer performs the duty required by law in a manner directed by it until the contrary is clearly established. Tipton v. Brown, 273 Ky. 496, 117 S.W.2d 217; Bryant v. Birdwell, 273 Ky. 767, 117 S.W.2d 907; Walker v. Horton, 274 Ky. 310, 118 S.W.2d 781. We have no reason to assume that the contract entered into for the final year of the teachers' employment was not done upon proper recommendation of the superintendent and action by the board so we are not concerned with those cases which say that the superintendent must first recommend a teacher for a contract, because here the recommendation was presumptively made. In fact, it is not disclosed in this record whether any of the contracts were named or labeled either "continuing contracts" or "limited contracts," but it is clear that the tenure of these teachers extended beyond the time when the board had any authority to enter into a limited contract under the law. After that period had elapsed and, presumptively upon recommendation of the superintendent and action of the board, a new contract was entered into. Under the statute, it could only have been a continuing contract and this court so holds.

We believe this conclusion is not in conflict with the decisions had in the Bush, Stevens and Highfield cases mentioned above because in each instance the facts and problems presented were different from those which we have here.

The record in the Bush case [249 S.W.2d 789] discloses that although Bush had taught for many years in the Greenup County school system, she had completed only four years in the Raceland Independent School District. (Under subsection (b) of section (1) of KRS 161.740, it is required that before a teacher is eligible for continuing service status, that person should "have taught four years in the District".) As stated in the opinion, she had never demanded a continuing contract nor had the superintendent recommended her for one. Therefore, she had taken only the first step in the journey towards continuing status. The next step would require a request coupled with approval of the board and in the event the board, by four-fifths vote, rejected the contract, then, upon proper recommendation, one more limited contract for a period not to exceed two years could be agreed. Therefore, the facts in the Bush case are entirely different from the facts herein presented and we believe the decision correct. We must confess there is some language in that opinion that was not necessary to the decision in that case, which is quite broad, but we feel bound by it insofar as it affects the issue decided in that case under the facts.

The Stevens case, which the opinion states is identical in fact with the Bush case, is not authority here for the reason given above.

The Highfield case involved the interpretation of KRS 160.380 which states in effect that all appointments, promotions and transfers of principals, supervisors, teachers and other public employees shall be made only upon recommendation of the superintendent of schools subject to the approval of the board. The court held that under said statute, the appointment of the principal of a high school by the county board of education without the recommendation of the county superintendent of schools and against his will was void. That state of case is quite different from the facts of the instant case where the superintendent presumptively approved the sixth contract.

We have concluded that the appellants had achieved the status of continuing service when an attempt was made, in March 1953, summarily to dismiss them.

Judgment reversed.