Howard Eugene JOHNSON and Janet G. Johnson, Appellants,

v.

Marshall DIXON et al., Appellees.

Court of Appeals of Kentucky.

Nov. 9, 1973.

Stokes A. Baird, IV, Baird & Craddock, Munfordville, for appellants.

Robert B. Hensley, Hensley & Mintmire, Munfordville, for appellees.

CULLEN, Commissioner.

For the 1971–72 school year, Howard Johnson and his wife Janet, both natives of Barren County, were employed by the Hart County Board of Education on one-year contracts to teach at the secondary level in the Hart County school system. In March 1972 they were told by the superintendent that they would not be reemployed at the secondary level, because there were two Hart County *natives* who were available for the jobs and the board's policy was to give preference to Hart County *natives;* however, the superintendent offered the Johnsons employment at the primary level if they chose to become qualified for those positions by attending summer school. In April 1972 the Johnsons received official notice from the board that they would not be reemployed at the secondary level "since there are no positions available for them" but that they would be employed at the primary level upon becoming qualified. The Johnsons chose not to qualify for and accept the positions at the primary level, but instead they brought suit against the superintendent, the board and the individual board members alleging that their denial of reemployment at the secondary level was arbitrary and discrimina-

tory in violation of their rights under Sections 1 and 3 of the Kentucky Constitution and deprived them of the equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution. They sought judgment directing that they be reemployed and they asked for both compensatory and punitive damages.

The action was commenced in June 1972, well before the start of school for the 1972–73 year, but judgment was not entered until January 1973, in the middle of the 1972–73 year. In the meantime Janet Johnson had obtained a teaching job at the secondary level in another county, but since no similar job was available there for Howard, he took employment in building construction work.

The judgment was a summary one, based on the pleadings, depositions, etc., dismissing the complaint. The Johnsons have appealed.

The first question for consideration is whether the Johnsons have a valid claim for relief if the fact be established that the sole reason the Johnsons were not reemployed was that the board had a policy of giving preference in employment to Hart County natives. In considering that question we recognize that under the statute, KRS 161.750, *cause* is not required for denial of reemployment to a teacher employed under a limited contract (as were the Johnsons). Nevertheless, it is clear that public employment cannot be denied solely on the basis of an unconstitutionally discriminatory classification. See 15 Am. Jur.2nd, Civil Rights, sec. 57, p. 443; Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216.

Classifications based on alienage, nationality, or duration of residence have been held to be *inherently suspect* and therefore unconstitutional unless the public body making the classification can demonstrate that the classification is necessary to promote *a compelling governmental interest.* See Dunn v. Blumstein, 405 U.S. 330,

92 S.Ct. 995, 31 L.Ed.2d 274; Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534. We believe the same holding must apply to a classification based on *place of birth,* as is the one here claimed to exist.

It must be remembered that the local schools are *state* institutions operated and maintained by the *state* through the agency of local district boards. See Louisville v. Board of Education, 154 Ky. 316, 157 S.W. 379. There was evidence in the instant case that most of the funds of the Hart County School system come from state appropriations. Thus, the compelling governmental interest required to be shown to sustain the classification here in question would have to be a *state* interest.

■ The only basis suggested by the appellees of support for a policy of preference to Hart County natives is that natives have demonstrated a greater continuity in employment than nonnatives. In our opinion this does not show a compelling governmental interest.

Our conclusion is that such a policy would be unconstitutionally discriminatory and preferential, in violation of Sections 1, 2 and 3 of the Kentucky Constitution.

■ It is not conclusively shown, however, from the evidentiary material considered on the motions for summary judgment, that the Hart County Board of Education had such a policy and that the board denied reemployment to the Johnsons by reason of that policy. It is true that the superintendent of schools frankly testified that there was such a policy and that it was invoked in the Johnson case, and it further is true that the minutes of the board for 1969 and 1970 showed that in both those years some teachers were denied reemployment "in order that local people * * * may be used" or because "Hart County has many local teachers whom we desire to use." However, those board members whose depositions were taken denied that there was any such policy. As we construe KRS 161.750, no recommendation by the superintendent is required for reemployment of a teacher serving under a limited contract, so reemployment is a matter to be determined by the board. We believe an issue of fact was shown to exist as to whether the Hart County Board of Education had such a policy and whether it was invoked in the Johnson case. The issue of fact should be determined by the circuit court upon a trial. If the circuit court determines the issue in favor of the Johnsons, the matter of remedies will require consideration.

■ As concerns a remedy in the form of a direction that the Johnsons be reemployed, it is to be noted that the 1972–73 school year has passed and we are well into the 1973–74 year. So a direction for reemployment could have application only beginning with the 1974–75 school year. The problem is that the board of education has a fair discretion as to whom it shall employ for limited-contract positions. Under the circumstances, we believe that the only direction that could be made would be that if the Johnsons make timely application for employment for the 1974–75 school year, the board of education can deny the application only upon a statement of reasons showing the exercise of a fair discretion; and if the board accepts the application, whether the Johnsons will thereafter be reemployed for subsequent years will continue to be subject to determination by a fair, nondiscriminatory decision of the board of education.

As concerns a remedy in the form of damages, the circuit court will be required to determine the period of time for which damages may be allowed, the matter of mitigation of damages by other employment or opportunities of employment, and the question of which of the defendants are liable for damages. We express no opinion on those questions. However, we shall say that we do not see any basis for an award of punitive damages.

The judgment is reversed, with directions for further proceedings in conformity with this opinion.

All concur.