**Wilfred H. GAINES and Elizabeth Sue Parris, Appellants,**

v.

**BOARD OF EDUCATION OF DAYTON, Kentucky, INDEPENDENT SCHOOL DISTRICT, Appellee.**

Court of Appeals of Kentucky.

March 4, 1977.

Arthur L. Brooks, Brooks & Sullivan, Lexington, for appellants.

Stephen D. Wolnitzek, Taliaferro & Smith, Covington, for appellee.

Before HAYES, HOWARD, and WILHOIT, JJ.

HAYES, Judge.

This is an appeal from a judgment entered in Campbell Circuit Court, Honorable John A. Diskin, Judge, by which the complaints of the appellants were dismissed thereby affirming the refusal of the appellee to recognize the employment contracts of appellants as teachers in the Dayton School System.

Prior to May 15, 1975, Gaines and Parris had been employed by the Board of Education for one year on a limited contract basis, as defined by KRS 161.720. On May 12, 1975, the Superintendent for the Board of Education submitted to the Board his rec-

ommendations for employment for the 1975–1976 school year which were approved by the Board, although no evidence can be found in the record on appeal to support same. The Superintendent did not recommend either of the appellants. On May 12, 1975, the Superintendent by letter, over his signature as Secretary of the Board, advised Gaines and Parris they would not be re-employed.

The Campbell Circuit Court made findings of fact and conclusions of law and entered an order denying the appellants' request for injunctive relief requiring the School Board to re-instate the appellants to their teaching positions without loss of pay.

The appellants contend that the giving of timely written notice to each of appellants by the Superintendent that their teaching contracts would not be renewed did not serve to terminate their employment since the notice was not approved by the official action of the Board. We disagree and affirm the judgment of the trial court.

This case requires an examination of two statutes. The first is KRS 161.750(2) which states:

Any teacher employed under a limited contract and ineligible for a continuing contract shall at the expiration of such limited contract be deemed re-employed under the provisions of KRS 161.720 to 161.810 for the succeeding school year . . . unless the employing board shall give such teacher written notice on or before the fifteenth day of May of its intentions not to re-employ him; . . .

The other statute is KRS 160.380, which requires all appointments, promotions and transfer of principals, teachers and other school employees to be made *only* upon recommendation of the School Superintendent.

In his brief, appellant cites *Johnson v. Dixon,* Ky., 501 S.W.2d 256 (1973). In that case the court stated: "As we construe KRS 161.750, no recommendation by the superintendent is required for re-employment of a teacher serving under a limited contract, so re-employment . . . is a matter to be determined by the board. . . ." The factual situation in the *Johnson* case, however, is different from the present case. In the *Johnson* case the court was asked to determine whether the denial of re-employment was arbitrary and discriminatory in that the School Board when employing teachers gave preference to county natives. The above quoted statement in the *Johnson* case is mere dictum, and not the law of Kentucky.

Under KRS 160.380 teachers may be employed by the local Board of Education only upon the recommendation of the local Superintendent of schools, and any employment without that recommendation is void, *Beverly v. Highfield,* 307 Ky. 179, 209 S.W.2d 739. KRS 160.370 designates the Superintendent to be the executive agent of the Board of Education and as such he is charged with the duty of seeing that all laws relating to schools, and the rules and regulations of school boards are carried into effect. In the instant case, he fulfilled his statutory duties by submitting his recommendations to the School Board, and thereafter, as the executive agent of the School Board notifying the teachers per KRS 161.750(2).

It would seem obvious that the underlying intent of KRS 161.750(2) is to insure teachers, who have not reached tenure stature, ample notice of not being re-employed so that they will have adequate time to obtain employment elsewhere for the coming school year, and that the teacher has a right to know why he is not being re-employed, so that the situation may be corrected if it is within the power of the teacher to do so.

The judgment is affirmed.

All concur.