Sharon PHILLIPS, Appellant,

v.

BOARD OF EDUCATION OF MUHLENBERG COUNTY, Kentucky, Ben Topmiller, Jr., Individually and in his official capacity as Superintendent for the Board of Education of Muhlenberg County, Kentucky, Lucky K. Kirby, Individually and in his official capacity as Chairman and member of the Board of Education of Muhlenberg County, Kentucky, Charles D. Armond, Charles Edwards, Theron V. Green, All individually and in their individual capacities as members of the Board of Education of Muhlenberg County, Kentucky, Thomas H. Warman, Individually, and Evelyn Lindsay, In her Individual capacity as a member of the Board of Education of Muhlenberg County, Kentucky, Appellees.

Court of Appeals of Kentucky.

Jan. 26, 1979.

Rehearing Denied May 11, 1979.

John F. Stewart, Rex Dunn, Louisville, for appellant.

Rees Kinney, Jarvis, Payton & Kinney, Greenville, F. C. Bryan, John C. Fogle, Bryan, Fogle & Riggs, Mount Sterling, for appellees.

Before WHITE, HOGGE and VANCE, JJ.

WHITE, Judge.

Appellant Sharon Phillips, a nontenured teacher, contests the sufficiency of grounds recited by appellee, the employing school board, for the nonrenewal of her teaching contract. The Muhlenberg Circuit Court dismissed appellant's complaint and found the school board had complied with KRS 161.750, requiring school boards to furnish upon request a written statement of the grounds upon which the nonrenewal of limited contracts is based.

Appellant Phillips had been employed by the Muhlenberg County Board of Education as a teacher under a limited contract for the school year 1976–77. By letter dated April 11, 1977, the Board informed Phillips that she would not be rehired for the coming 1977–78 school year. Phillips tendered a written request, dated April 18, 1977, for a written statement detailing the specific and complete grounds for nonrenewal of her contract. In reply, the Board informed Phillips that it was under no obligation to retain nontenured teachers, that the superintendent had recommended Phillips' contract not be renewed, and that the Board had accepted this recommendation and acted accordingly, all pursuant to Kentucky statute.

Phillips contends the Board's statement was merely a generic recitation of KRS 161.750 requirements for nonrenewal of limited contracts and did not comply with subsection (2) of the provision, which requires that the Board's requested written statement contain "the specific, detailed, and complete statement of grounds upon which the nonrenewal of contract is based." The Board counters it complied with statute requirements and if the appellant's stance

were accepted, it would effectuate a change in status of nontenured teachers to basically one of tenure.

This court recognizes that superintendents and school boards are vested with broad discretion in the administration of schools. *Snapp v. Deskins*, Ky., 450 S.W.2d 246, 252 (1970). Statutory guidelines have been enacted, however, establishing procedures which must be followed by the board and delineating boundaries of arbitrary action. KRS 161.750 is such a statute. In addition to requiring a school board to provide upon request a written statement of substantive grounds for nonrenewal of a limited contract, KRS 161.750(3) affords the teacher a remedy for the Board's noncompliance. Though limited in nature, subsection (3) states in part:

Upon failure of the employing board of education . . . to provide the written statement of grounds required by subsection (2) of this section the teacher shall receive a contract of employment for the next school year.

The teacher's only remedy when the Board fails to provide the required statement is that a teaching contract for the next year will issue.

We recognize that the Board is under no compulsion to hire a nontenured teacher for a forthcoming school year and that a nontenured teacher is afforded no right to a hearing upon suspension unless some allegation of a constitutionally suspect classification is made as the basis for nonrenewal of contract. *Bowlin v. Thomas*, Ky. App., 548 S.W.2d 515, 519 (1977). Phillips makes no such allegation, nor does she claim a right to a hearing. All she asks is that the written statement from the board contain "the specific, detailed, and complete statement of grounds upon which the nonrenewal of contract is based."

It is evident that the Board's reply to Phillips' request for a written statement of grounds was merely a recital of the statutory procedure required for nonrenewal. The Board contends this adequately meets statute requirements. We do not

agree. KRS 161.750(2) requires "the *specific, detailed* and *complete* statement of grounds" (emphasis added). If we were to accept the Board's contention that it complied with the statute by merely restating its procedures, then the Board would hereafter never have to supply substantive reasons for not rehiring a nontenured teacher. To allow this would clearly circumvent the statute.

Appellee argues that this case should not be reversed because, even if specific reasons are given, the dismissed teacher has no further alternatives against the Board. In support of its argument, appellee cites *Sparks v. Board of Education of Ashland Independent School District*, Ky.App., 549 S.W.2d 323 (1977), and *Bowlin, supra*.

These cases involved nonrenewal of limited contracts prior to the 1976 amendment to KRS 161.750. The old statute, unlike the present, did not provide for automatic renewal of the contract if the specific, detailed, and complete grounds were not given as requested. We think this remedial provision is sufficient to distinguish this case from the above because the nontenured teacher now has some alternative not recognized heretofore.

As this court stated in *Gaines v. Board of Education of Dayton, Independent School District*, Ky.App., 554 S.W.2d 394, 395 (1977): "It would seem obvious that the underlying intent of KRS 161.750(2) is to insure . . . that the teacher has a right to know why he is not being re-employed, so that the situation may be corrected if it is within the power of the teacher to do so."

The judgment is reversed and remanded for further proceedings consistent with this opinion.

VANCE, J., concurs.

HOGGE, J., dissents.