**Jacqueline EVANS, Appellant,**

v.

**MONTGOMERY COUNTY BOARD OF EDUCATION; and Kentucky Unemployment Insurance Commission, Appellees.**

Court of Appeals of Kentucky.

May 2, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court July 29, 1986.

Jennifer B. Coffman, Lexington, for appellant.

F.C. Bryan, Mt. Sterling, for Montgomery County Board of Education.

Daniel F. Egbers, Frankfort, for Kentucky Unemployment Insurance Commission.

Before GUDGEL, MILLER and WILHOIT, JJ.

GUDGEL, Judge:

The issue in this appeal is whether a teacher, whose limited contract for employment was not renewed due to her alleged misconduct, insubordination, inefficiency, and incompetency, was "discharged for misconduct or dishonesty" within the meaning of KRS 341.370(1)(b), and hence, rendered ineligible to draw unemployment insurance benefits. The court below adjudged that she was so discharged and ineligible for benefits. We agree with the court's legal conclusion that she could be adjudged ineligible. However, since the commission must make certain findings before reaching such a conclusion, we vacate and remand the court's judgment with directions.

Appellant was employed by the Montgomery County School system as a teacher under a limited contract of employment for the 1982–83 school year. She was given written notice on April 22, 1983 that her

contract would not be renewed for the following year. Pursuant to the provisions of KRS 161.750(2), appellant requested a written statement containing the specific, detailed, and complete grounds upon which the board's nonrenewal decision was based. The board complied with its duty under the statute, and furnished appellant with an eight page statement detailing numerous alleged acts of misconduct, insubordination, inefficiency, and incompetency on her part which caused it to take the necessary steps to preclude automatic renewal of her limited contract of employment.

Thereafter, appellant applied for unemployment insurance benefits. The school board resisted her claim. However, the referee determined, after a hearing, that appellant was not disqualified from receiving benefits, as she had not been discharged for misconduct connected with her work as required by KRS 341.370(1)(b). On appeal, the referee's decision was affirmed by the Kentucky Unemployment Insurance Commission (KUIC). However, the school board then sought judicial review of KUIC's order in the Montgomery Circuit Court. The court adjudged that appellant was discharged for misconduct connected with her work, and hence, that she was disqualified from receiving benefits. The court, therefore, reversed KUIC's order awarding benefits. This appeal followed.

Appellant argues that the court erred by reversing KUIC's order. Specifically, she urges that the board had a right pursuant to KRS 161.790 to institute proceedings to terminate her contract for misconduct before the contract's expiration. Instead, however, the board simply chose not to renew her contract. Appellant contends that, as the board failed to institute proceedings to discharge her for misconduct, KUIC did not err by finding that she is not disqualified from receiving unemployment benefits. We disagree with appellant's argument.

A teacher employed by a school system under a one year limited contract of employment automatically acquires certain rights by virtue of the provisions of KRS 161.750. Unless the superintendent of schools recommends and the board approves nonrenewal of the teacher's limited one year contract, that teacher is deemed reemployed for the succeeding year. KRS 161.750(1). Moreover, the recommendation of nonrenewal is ineffective unless the teacher receives written notice of nonrenewal prior to April 30. Further, upon nonrenewal and the teacher's request, the board must provide a written statement containing the specific, detailed, and complete grounds upon which the nonrenewal is based. KRS 161.750(2). Unless all of these requisite steps are strictly observed by the school board, the affected teacher is entitled to employment for the succeeding school year. KRS 161.750(3); *cf. Phillips v. Board of Education of Muhlenberg County*, Ky.App., 580 S.W.2d 730 (1979).

Thus, a teacher's limited one year contract of employment does not automatically expire and terminate at the end of a given school year, but it instead automatically renews itself unless school officials take affirmative steps to prevent its renewal. It is our opinion that, once a school board elects to terminate a limited contract, it is in effect discharging that teacher from employment within the meaning of the word "discharge," as used in KRS 341.370(1)(b), just as when it discharges an employee at will who is not protected by the Teacher Tenure Act. Hence, when a teacher's limited contract is not renewed due to the teacher's misconduct, there is as a matter of law a "discharge" for purposes of the unemployment insurance statutes. Moreover, the fact that the board may opt to discharge the teacher by the easier method of nonrenewal, rather than by instituting a termination proceeding pursuant to KRS 161.790, is of no significance.

Here, the commission and the referee erroneously concluded that a nonrenewal of a limited contract of employment could not amount to a discharge under KRS 341.370(1)(b). Hence, they made no findings as to whether appellant was guilty of misconduct connected with her work, or as to

whether the evidence supported such a finding. However, such findings must be made on remand. Further, if the commission makes a finding, supported by the evidence, that appellant was not renewed due to her misconduct, then she is disqualified from receiving unemployment insurance benefits.

For the reasons stated, the court's judgment is vacated and remanded with directions that this cause be remanded to the commission for further proceedings consistent with the views expressed in this opinion.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.