Alfred THOMPSON, Appellant,

v.

BOARD OF EDUCATION OF HENDERSON COUNTY, Kentucky and Henderson County Evaluation Appeals Panel, Appellees.

No. 91–SC–705–DG.

Supreme Court of Kentucky.

Sept. 3, 1992.

As Modified on Denial of Rehearing Nov. 19, 1992.

John Frith Stewart, Dennis Franklin Janes, Segal, Isenberg, Sales, Stewart & Cutler, Louisville, for appellant.

John S. Hoffman, Sheffer, Hoffman, Thomason & Morton, Henderson, F.C. Bryan, William H. Fogle, Bryan, Fogle & Chenoweth, Mt. Sterling, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which held that an Evaluation Appeals Panel did not have authority pursuant to K.R.S. 156.101(10) to review the judgmental conclusions contained in a job performance evaluation for a certified nontenured teacher.

The issue is whether a teacher has the right to contest the substance of an evaluation before the Evaluation Appeals Panel.

Thompson was a nontenured certified classroom special education teacher employed by the Henderson County Board of Education during the 1985–86 and 1986–87 school years. He was employed on a limited contract basis. His teaching performance was subject to a job performance evaluation by the principal on March 31, 1987. The valuation was based on observa-tions by the principal and conferences between the principal and the teacher. The principal determined that Thompson was an unsatisfactory teacher based on the evaluation. The superintendent recommended nonrenewal based on the evaluation. The Board of Education voted not to retain Thompson as a teacher. He received notice of his termination of employment on April 20, 1987. The reason given by the principal was that Thompson's instructional skills remained below the expected level required of a teacher in the system.

On April 22, Thompson appeared before the Evaluation Appeals Panel of Henderson County for a review of his job performance evaluation pursuant to K.R.S. 156.101(10). At the hearing, Thompson requested that he be allowed the assistance of counsel, challenged the conclusions resulting from his job performance and requested that he have the opportunity to present an expert witness for the purpose of establishing the unfairness of the evaluation. He further asked that he be granted a postponement of the hearing to allow a reasonable opportunity to procure the services of counsel and the necessary expert witnesses. The panel refused each of Thompson's requests and ruled that the purpose of the panel was "not to issue any judgments but only to determine if the proper procedures of evaluation had been followed." The panel considered all the documents generated by the principal in the course of the evaluation procedures including the conclusions and the unfavorable evaluation. Thompson did not have the opportunity to dispute the assertions contained in the evaluation documents. The panel did not allow Thompson to make any presentation on any issue other than the sufficiency of the procedures by which the evaluation was conducted. The Board of Education terminated Thompson's employment on April 23.

Thompson filed suit challenging the school board's evaluation appeals policy and the decision of the panel based on that policy. The circuit court ordered the panel to conduct an evidentiary hearing on both the substantive and procedural fairness of the evaluation and determined that judgmental conclusions reached by the supervi-

sors are subject to review by the panel. The Court of Appeals reversed the decision of the circuit court and held that the panel properly limited its review to procedural issues only.

K.R.S. 156.101(10) provides in pertinent part that "certified employees who feel that they were not fairly evaluated may submit an appeal to the panel for a timely review of their evaluation." 704 KAR:345 § 3 and 704 KAR:345 § 9 relate to the establishment of a procedure for reviewing such complaints.

■ K.R.S. 161.750(2) requires a statement, if requested, from the school board to the nontenured teacher giving the specific, detailed and complete reasons why the teacher is not being re-employed. Failure to provide the statement results in the nontenured teacher being re-employed automatically by operation of law in the school system.

In 1986, Kentucky enacted the Kentucky Effective Instructional Leadership Act, K.R.S. 156.101 et seq. The purpose of the act is:

> To encourage and require the maintenance and development of effective instructional leadership in the public schools of the Commonwealth and to recognize that principals with the assistance of assistant principals, supervisors of instruction, guidance counselors and directors of special education have the primary responsibility for instructional leadership in the schools to which they are assigned. K.R.S. 156.101(1).

704 KAR 3:345 § 3 states that the evaluation procedure implemented by the local school board must include a statement that the purposes of the evaluation system are to improve instruction, provide a measure of performance accountability to citizens, and to provide encouragement and incentives for certified employees to improve their performance, as well as support individual support personnel decisions.

School boards implement the evaluation process through the interpretation of the statute and administrative regulations. The policy-making powers of the Board of Education are restricted to the rules, regulations and by-laws made by the Board of Education and shall be consistent with the general school law of the state. K.R.S. 160.290(2). The local school board is required to establish an evaluation appeals panel for certified personnel and the State Board of Education must develop written guidelines for local school districts to follow in developing and implementing an evaluation. K.R.S. 156.101(6, 10). Certified employees who believe they were not fairly evaluated may submit an appeal to the panel for a timely review of their evaluation.

■ K.R.S. 156.101(7) provides that the State Board of Education is required to establish an appeals procedure for certified school employees who believe that their local school district failed to properly implement the improved evaluation system. The appeals procedure shall not involve requests from individual certified school employees for review of the judgmental conclusions of their personnel evaluations. The local appeals panel adopted the policy of the state appeals panel in limiting review of personal evaluation of a certified school employee to procedure only. We believe such a restriction and narrow interpretation of the statute by the Henderson School Board is erroneous.

The Henderson County Evaluation Appeals Panel apparently reached the conclusion that it did in this case because it believed that the scope of its authority was limited by the Board of Education's written policy which prohibited the panel from reviewing the "judgmental conclusions" of an individual teacher evaluation. However, the Board of Education had no authority to so limit the statutory jurisdiction of the panel. The rule making authority of the board pursuant to K.R.S. 160.290(2) is restricted. The statute provides that the rules, regulations and by-laws made by a school board shall be consistent with the general school law of the state. K.R.S. 160.290(1) provides in part that the board's general control and management of the public schools in its district must be exercised in a manner consistent with the rules and regulations of the state board of education. K.R.S. 156.101(10) authorizes the

panel to conduct any review necessary to insure that the teacher was "fairly evaluated." The statute has no restriction on the authority of the panel to review the "judgment conclusions" of the evaluator of the teacher. The statute does not restrict the panel to a consideration of only procedural matters.

704 KAR 3:345 § 9 is clear that the limitations contained therein apply only to the state appeals panel. There is no statutory or administrative authority supporting the Henderson School Board's limitation on the jurisdiction of the evaluation appeals panel.

The State Evaluation Appeals Panel on March 14, 1988 ruled that, although its jurisdiction is limited to a review of procedural matters, a local evaluation appeals panel has a statutory obligation to resolve conflicting testimony and assure compliance with its own evaluation policies. The observations of the Court of Appeals regarding its own power of review are of no consequence in this consideration.

The standards governing review of employee termination have been recently reviewed by this Court. *Crouch v. Jefferson County, Ky. Police Merit Board*, Ky., 773 S.W.2d 461 (1989) states that the standard of review to be applied to public employee discharge cases in circuit court is a modified *de novo* review, allowing the reviewing court to invade the mental processes of the reviewing board to ascertain whether its action is arbitrary. *City of Louisville v. Milligan*, Ky., 798 S.W.2d 454 (1990) concerned the scope of limited *de novo* review and noted that judicial review is limited to a review of the transcript of the proceedings below and any other evidence which is relevant to the issue of arbitrariness.

The evaluation appeals panel provided in the education statute has a responsibility to independently review the job performance of a teacher in order to insure that the evaluation performance was fair. K.R.S. 156.101(10). In order to fulfill this statutory obligation, it is necessary for the judgmental conclusions reached by the individual evaluator to be subject to the administrative appellate panel review.

The situation presented here indicates that the evaluation panel deprived Thompson of his right to due process of law. An administrative body must conduct a trial-type hearing when it adjudicates disputes affecting a particular individual. *City of Louisville v. McDonald*, Ky., 470 S.W.2d 173 (1971). Such a hearing is required in order to preserve the individual's constitutionally guaranteed right to due process of law. The hearing must permit the individual the right to be represented by counsel and to present all competent evidence. *American Tobacco Co. v. Sallee*, Ky., 419 S.W.2d 160 (1967).

Thompson does not challenge the procedure for implementing the evaluation system. Thompson contends that the appeals committee is in error in limiting its review of evaluations in violation of K.R.S. 156.101(10). By limiting review of an appeal of an evaluation to procedural matters only, the appeals panel has effectively denied Thompson the right to dispute the findings of fact in the evaluation. The right to challenge the findings made by the principal in his evaluation of Thompson would clearly advance the aims and goals of the act itself in its improvement of instruction and in providing a measure of performance accountability to all citizens in the providing of the encouragement and the incentive for certified employees to improve their performance.

This situation is clearly distinguishable from the case of *Bowlin v. Thomas*, Ky. App., 548 S.W.2d 515 (1977) because the nontenured teacher in that case was unable to dispute the reasons for his dismissal because he was not allowed a suspect classification under the Fourteenth Amendment to the Federal Constitution. There was no statute which would have given the teacher in *Bowlin, supra,* the right to appeal the decision of the school board. The adoption by the General Assembly of the 1986 law gave certified personnel under limited contracts the right to appeal their evaluations to an appeals panel to review the findings in the evaluation. There is no question that the court in *Bowlin* could have reached a different result if the 1986 act had been in place. To accept the argument of the school board would result in unlimited authority to the principal-evalu-

ators of the local school system in the termination of certified teachers under limited contracts. The review statutes have been established by the General Assembly to require local school boards to adopt policies which will prevent arbitrary and capricious decisions by individual evaluators.

Here the appeals panel apparently violated its own rule against examining the judgmental conclusions of an evaluation by admitting evidence of the alleged incompetency of the teacher. Thompson should have the opportunity to dispute the findings in the evaluation when the appeals panel examines such evidence. The minutes of the appeals panel indicate that the principal provided documents, signed by Thompson, which indicated that there were teaching deficiencies which needed to be corrected. Clearly it appears to be very difficult to ascertain how the appeals panel determined which evidence was procedure and which evidence was substance. Any review of a nontenured certified teacher's evaluation by the appeals committee must contain a degree of fairness. The policy currently adopted by the Henderson School Board does not contain the requisite fairness under the circumstances presented here.

It is the holding of this Court that Thompson is entitled to challenge the findings of fact in his evaluation before the Henderson County Evaluation Appeals Panel. The Panel shall hold a hearing on both the substance and procedure of the evaluation. Thompson is entitled to receive proper notice of such hearing with sufficient time to gather evidence to support his position, and he has the right to present expert testimony and engage counsel to assist him in the presentation of his case.

If, after reconsideration of the administrative appeal, the Evaluation Appeals Panel determines that the original evaluation was incorrect, Thompson cannot be subject to arbitrary nonrenewal on the basis of this evaluation. This, however, does not affect the superintendent's authority to lawfully decide against the nonrenewal of a limited teaching contract for other reasons unrelated to the teacher's evaluation. Here, the Board of Education shall immediately reinstate Thompson's employment along with all lost wages and benefits resulting from the nonrenewal of his limited contract.

The decision of the Court of Appeals is reversed and the judgment of the Henderson Circuit Court is reinstated.

STEPHENS, C.J., and COMBS, LAMBERT and LEIBSON, JJ., concur.

REYNOLDS, J., concurs in result only.

SPAIN, J., dissents by separate opinion.

SPAIN, Justice, dissenting.

Respectfully, I dissent. I agree with the majority and the learned trial judge that the hearing held in this case by the Henderson County Evaluation Appeals Panel (Panel) lacked fairness. The Panel violated its own rule against examining the judgmental conclusions of an evaluator by allowing the Henderson County Board of Education to present evidence to support its decision to terminate the movant, but denied the movant the opportunity to present any rebuttal evidence. Nevertheless, I do not believe that the statutes in question, and cited by the majority, intend that an untenured teacher be given a full-blown due process hearing before this Panel. The Panel is, without a doubt, unqualified to hold the kind of hearing where the parties will be allowed to have legal representation, the right to cross-examination, the right to subpoena witnesses, the right to present evidence in the form of expert witnesses, and the right to dispute or support the findings of the evaluator. Furthermore, the Panel will now be allowed to substitute its judgment for that of the principal, a trained evaluator, and the local board of education. The Panel's jurisdiction should, therefore, be limited to the review of procedural issues only, as the unanimous Court of Appeals and the Panel, in this instance, determined.

The proper place for that kind of hearing, if any process is due, is before the trial court, which is eminently more capable of affording such. This would seem to me to

be a logical course of action and a proper interpretation of the statutes.