Mary Ann MATTHEWS, Appellant,

v.

David HOLLAND, Appellee.

No. 95–CA–000179–MR.

Court of Appeals of Kentucky.

Dec. 22, 1995.

Philip C. Kimball (briefed and argued), Louisville, Samuel G. Hayward (briefed), Louisville, for appellant.

David L. Yewell (briefed and argued), Rummage, Kamuf, Yewell, Pace & Condon, Owensboro, Stephanie R. Baisden (briefed), Owensboro, J. Quentin Wesley, Wesley & Hooks, Morganfield, for appellee.

Before HOWERTON, HUDDLESTON and WILHOIT, JJ.

HUDDLESTON, Judge.

Mary Ann Matthews, a former principal of the Morganfield Elementary School, brought this action against David Holland, the Superintendent of the Union County public schools, to recover damages for libel and wrongful use of civil proceedings.[1]  Matthews' claim

---

1. For a discussion of the elements of a claim   based on wrongful use of civil proceedings see

arises out of the forwarding by Superintendent Holland of documents evaluating her performance as principal to the Kentucky Department of Education's Education Professional Standards Board. Holland's defense is that he was required to forward the evaluation forms to the Professional Standards Board by Ky.Rev.Stat. (KRS) 161.120(2). The circuit court agreed and dismissed Matthews' complaint for failure to state a claim upon which relief can be granted. She appeals.

Matthews was employed as a principal under a limited contract for the 1992–93 school year. She was notified in writing on April 15, 1993, that her contract would not be renewed for the following year. Unlike a tenured school employee, one employed under a limited contract may be terminated, in accordance with statutory procedure, with or without cause. Matthews requested that Holland advise her of the specific reasons for nonrenewal of her contract. When Holland responded to Matthews' request, he forwarded to her a brief letter and enclosed several written complaints regarding Matthews' performance of her duties that he had received from teachers at the Morganfield Elementary School during the 1992–93 school year. Holland also provided these materials to the Professional Standards Board. It is this action that Matthews alleges constituted libel and wrongful use of civil proceedings.

In reviewing the circuit court's dismissal of Matthews' complaint for failure to state a claim upon which relief can be granted, we take all pleaded facts to be true. If those facts do not support a claim for libel or for wrongful use of civil proceedings as a matter of law, then no claim is presented for which a remedy exists, and dismissal is proper. *Bellefonte Land, Inc. v. Bellefonte, Ky.*, Ky.App., 864 S.W.2d 315, 316 (1993).

KRS 161.750(2) requires school superintendents to notify in writing by April 30 "of the school year during which the contract is in effect" those employees whose limited contracts will not be renewed for the following school year. The statute also requires su-

perintendents to provide employees who so request "a written statement containing the specific, detailed, and complete . . . grounds upon which the nonrenewal of contract is based." Holland complied with this statute when he provided Matthews with information sufficient to apprise her of the "true reasons" why her contract was not being renewed. *Gibson v. Board of Educ. of Jackson County*, Ky.App., 805 S.W.2d 673, 675 (1991); *Phillips v. Board of Educ. of Muhlenberg County*, Ky.App., 580 S.W.2d 730, 732 (1979) (quoting *Gaines v. Board of Educ. of Dayton Independent School District*, Ky.App., 554 S.W.2d 394 (1977)).

■ Holland argues that in addition to furnishing the reasons for termination to Matthews, he was required by statute to disclose the information to the Professional Standards Board. The statute under scrutiny, KRS 161.120(2), provides:

(a) The superintendent of each local school district shall report in writing to the Education Professional Standards Board the name, Social Security number, position name, and position code of any certified school employee in his district whose contract is terminated or not renewed, for cause; who resigns from, or otherwise leaves, a position under threat of contract termination, or nonrenewal, for cause; who is convicted in a criminal prosecution; *or who is otherwise known to have engaged in such actions or conduct as might reasonably be expected to warrant consideration for certificate revocation.* The duty to report shall exist without regard to any disciplinary action, or lack thereof, by the superintendent, and the required report shall be submitted within thirty (30) days of the event giving rise to the duty to report.

(b) The district superintendent shall inform the Education Professional Standards Board in writing of the full facts and circumstances leading to the contract termination or nonrenewal, resignation, or other absence, conviction, or otherwise reported actions or conduct of the certified employ-

*Mapother and Mapother, P.S.C. v. Douglas*, Ky., 750 S.W.2d 430 (1988) and *Prewitt v. Sexton*, Ky., 777 S.W.2d 891 (1989).

ee, which are based on immorality, misconduct in office, incompetency, violation of school law or administrative regulation adopted by the State Board for Elementary and Secondary Education, willful neglect of duty, or falsification of certification credentials, and *shall forward copies of all relevant documents and records in his possession.*

(c) The certified school employee shall be given a copy of any report provided to the Education Professional Standards Board by the district superintendent and shall have the right to file a written rebuttal which shall be attached to the district superintendent's report. (Emphasis supplied.)

Matthews argues that KRS 161.120(b) must be read in conjunction with KRS 161.120(a), and that the only employees a superintendent may forward information about to the Professional Standards Board are those who are terminated "for cause." We agree that the sections should be read together, but to interpret the statute in the manner Matthews suggests would lead to a result totally out of sync with the obvious purposes for which the statute was enacted. The intent of the statute is: (1) to provide principals and teachers with adequate notice of the reasons for termination or nonrenewal of employment, and (2) to provide a mechanism through which the Professional Standards Board may oversee the quality of teachers and administrators in Kentucky's public schools. *Gibson v. Board of Educ. of Jackson County,* 805 S.W.2d at 675 (1991); *Phillips v. Board of Educ. of Muhlenberg County,* 580 S.W.2d at 732 (1979) (quoting *Gaines v. Board of Educ. of Dayton, Independent School District,* 554 S.W.2d 394 (1977)).

Matthews would require a superintendent to give sufficient notice to a terminated employee to comply with the statute's mandate, but leave educational officials in the dark as to why a particular employee's contract was not renewed. If Matthews' conduct was sufficiently egregious, action by the Professional Standards Board may have been warranted to prevent her employment by other Kentucky school systems. The Board is autho-

rized, among other things, to: (a) establish standards and requirements for obtaining and maintaining a teaching certificate; (b) issue, renew, suspend, and revoke teaching certificates; and (c) maintain and submit reports to the governor and the Legislative Research Commission concerning performance of certified personnel. KRS 161.020(a), (c) and (f). Matthews' interpretation of the statute would deny the Professional Standards Board the information it must have to carry out its duties.

Similarly, Matthews' argument that the only persons referred to in KRS 161.120 that are subject to mandatory reporting requirements are those employees terminated "for cause" produces an illogical result. To exclude an entire population from being subject to standards of certification review based upon the type of agreement entered into between a school board and the employee would be irresponsible. In any event, we believe the statute does apply to Matthews by its own terms. She falls within that category of employees who are "otherwise known to have engaged in such actions or conduct as might reasonably be expected to warrant consideration for certificate revocation." KRS 161.120(2)(a).

■ Holland did nothing more than he was required to do by KRS 161.120(2)(b) when he "forward[ed] copies of all relevant documents and records [relating to the nonrenewal of Matthews' contract] in his possession" to the Professional Standards Board. As a public official acting under express authority of law, he is entitled to absolute immunity from a defamation action. This is so even if the information forwarded to the Professional Standards Board was false. *Compton v. Romans,* Ky., 869 S.W.2d 24 (1994). Therefore, Matthews' complaint was properly dismissed for failure to state a claim upon which relief can be granted.

The order dismissing Matthews' complaint is affirmed.

All concur.