Patsy A. KIDD, Appellant,

v.

BOARD OF EDUCATION OF
McCREARY COUNTY and
Ray M. Ball, Appellees.

No. 1999–CA–001384–MR.

Court of Appeals of Kentucky.

Feb. 11, 2000.

Rehearing Denied April 28, 2000.

Discretionary Review Denied
by Supreme Court Oct. 18, 2000.

Case Ordered Published by
Supreme Court Oct. 18, 2000.

375

Arthur L. Brooks, Carrie C. Mullins, Lexington, KY, for Appellant.

Larry G. Bryson, London, KY, and Timothy Crawford, Corbin, KY, for Appellee.

Before DYCHE, GUIDUGLI, and MILLER, Judges.

*OPINION*

MILLER, Judge.

Patsy A. Kidd brings this appeal from a May 17, 1999 Order of Dismissal of the McCreary Circuit Court pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f). We reverse and remand.

■■■ Considering a dismissal under CR 12.02(f), the allegations contained in the complaint shall be liberally construed in the light most favorable to the non-moving party, and all allegations taken in the complaint shall be deemed true. *See Gall v. Scroggy*, Ky.App., 725 S.W.2d 867 (1987). A motion to dismiss shall not be granted unless it appears that the pleading party is not entitled to relief under any set of facts which could be proved in support of the complaint. *See Pari–Mutuel Clerks' Union, Local 541 v. Kentucky Jockey Club*, Ky., 551 S.W.2d 801 (1977).

With the foregoing in mind, we examine the allegations contained in Kidd's complaint. Kidd began her employment in the McCreary County school system in July 1994 as a "classified employee" as that term is defined in Kentucky Revised Statutes (KRS) 161.011. She was a food purchasing clerk in the central office. Kidd was continuously employed in that position in the school district for the school years (commencing July 1 and ending June 30) 1994–95, 1995–96, 1996–97, and 1997–98. Kidd was notified of the nonrenewal of her employment for the upcoming 1998–99 school year by letter from then superintendent Justin Minnehan dated April 29, 1998. This, of course, was before her 1997–98 year was to terminate on June 30.

■■■ After receiving the notification, Kidd promptly, and in writing, requested the reasons for nonrenewal. Kidd argues she is a four-year employee within the meaning of KRS 161.011(5)(b) and thus

may only be dismissed "for cause." The school board takes the position she was not a four-year employee as her notification came before she had actually completed four years' of service.

KRS 161.011(5) reads as follows:

(5) Local districts shall enter into written contracts with classified employees. Contracts with classified employees shall be renewed annually except contracts with the following employees:

(a) An employee who has not completed four (4) years of continuous active service, upon written notice which is provided or mailed to the employee by the superintendent, no later than April 30, that the contract will not be renewed for the subsequent school year. Upon written request by the employee, within ten (10) days of the receipt of the notice of nonrenewal, the superintendent shall provide, in a timely manner, written reasons for the nonrenewal.

(b) An employee who has completed four (4) years of continuous active service, upon written notice which is provided or mailed to the employee by the superintendent, no later than April 30, that the contract is not being renewed due to one (1) or more of the reasons described in subsection (6) of this section. Upon written request within ten (10) days of the receipt of the notice of nonrenewal, the employee shall be provided with a specific and complete written statement of the grounds upon which the nonrenewal is based. The employee shall have ten (10) days to respond in writing to the grounds for nonrenewal.

The circuit court concluded Kidd had not completed four years of "continuous active service" within the meaning of KRS 161.011(5)(b). Upon the analysis of *Board*

*of Education of Kenton County, Kentucky v. Paul,* Ky., 846 S.W.2d 675 (1992), we are compelled to agree with the circuit court and conclude that Kidd had, indeed, not completed four years of continuous service. Consequently, we are of the opinion Kidd was not a four-year employee within the meaning of KRS 161.011(5)(b), but rather an employee who had not completed four years of service within the meaning of KRS 161.011(5)(a).

■■■ Under KRS 161.011(5)(a), an employee, not having completed four years of service, is entitled, upon request, to "written reasons" for nonrenewal of contract. It is uncontroverted that the superintendent tendered to Kidd the written reason—that nonrenewal was based upon a decline in student enrollment. Kidd contends such reason was, in fact, untrue and constituted an arbitrary basis for nonrenewal of her contract. Under KRS 161.011(5)(a), we believe the written reasons provided must, at the very least, be true. In *Phillips v. Board of Education of Muhlenberg County,* Ky.App., 580 S.W.2d 730 (1979), a case involving a non-tenured teacher, it was stated that the purpose of a similar provision was to enable the teacher to correct the deficiency as a benefit to future employment. If the information provided is untrue, it would, of course, be impossible for one to mend his ways. Moreover, if the reason for not rehiring need not be true, it would seem that the requirement would be rendered meaningless. It would effectively nullify the "written reason" provision found in KRS 161.011(5)(a). We are not willing to so hold. A fundamental principle of statutory interpretation is that the legislature intends the act to be effective as an entirety and that each part is entitled to significance and effect. *See George v. Scent,* Ky., 346 S.W.2d 784 (1961). A statute must be construed so that no part of it is meaningless. *See Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth Transportation Cabinet,* Ky., 983 S.W.2d 488 (1998). We also reject appellee's contention that Kidd cannot seek judicial redress for alleged violation of KRS 161.011(5)(a). *Cf. Thompson v. Board of Education of Henderson County,* Ky., 838 S.W.2d 390 (1992), and *Gibson v. Board of Education of Jackson County,* Ky.App., 805 S.W.2d 673 (1991). Should Kidd succeed in her contention that the written reason provided to her was untrue, then the action of the superintendent was void and of no effect.

■■■ Upon the whole, we are of the opinion that the circuit court's dismissal of Kidd's complaint under CR 12.02 was premature. We conclude that Kidd has stated a claim upon which relief could be granted under KRS 161.011(5)(a).

For the foregoing reasons, the Order of Dismissal of the McCreary Circuit Court is reversed, and this matter is remanded for proceedings consistent with this opinion.

ALL CONCUR.